PATRICK F. EGAN, (afterwards Hannah Egan, administratrix,) *vs.* OLD COLONY STREET RAILWAY COMPANY.

Norfolk.    January 18, 1907. — April 2, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Negligence, Res ipsa loquitur.  Street Railway.  Evidence,* Presumptions and burden of proof.

In an action against a corporation operating a street railway for personal injuries from coming in contact with a wagon while on the running board of an open car of the defendant by reason of the rear truck of the car being derailed in passing a switch, if there is evidence on which it could be found that when the plaintiff boarded the car it was so crowded that passengers were standing on the rear platform and the running board, it is a question for the jury whether the plaintiff in placing himself on the running board was in the exercise of due care.

In an action against a corporation operating a street railway for personal injuries from coming in contact with a wagon while on the running board of a crowded open car of the defendant by reason of the rear truck of the car being derailed in passing a switch, if the plaintiff proves the derailment, and the defendant rests its case, leaving the accident unexplained, there is evidence of negligence on the part of the defendant to go to the jury, who in the light of common experience and in the absence of explanation by the defendant, which had control of the track and equipment, have the right to infer that unless either the track or the car had been defective the car would not have been derailed.

TORT for personal injuries received by the plaintiff while standing as a passenger on the running board of a crowded open electric car of the defendant going from Boston to Quincy on July 10, 1902, on Hancock Street in Quincy at its junction with

Billings Road, where the defendant maintained and operated a switch connecting with a track on Billings Road, from the car leaving the track by reason of the alleged negligence of the defendant's agents and servants.    Writ dated July 8, 1903.

Before the trial the plaintiff died, and the administratrix of his estate was allowed to come in to prosecute the action.    In the Superior Court the case was tried before *Lawton*, J.    At the close of the plaintiff's evidence, the substance of which is stated in the opinion, the judge ordered a verdict for the defendant ; and the plaintiff alleged exceptions.

The case was submitted on briefs.

*J. F. Sweeney, W. Sullivan & H. A. Wilson*, for the plaintiff.

*Asa P. French & J. S. Allen, Jr.*, for the defendant.

BRALEY, J.    The original plaintiff at the time of the accident was being transported as a passenger in an open car used by the defendant in the operation of its railway.    After becoming a passenger, and while standing on the running board, he was injured by coming in contact with a " box wagon," which was passing through the street.    The evidence as to his position and conduct was given by fellow passengers, who witnessed the accident.    Upon this testimony, with evidence of his declarations given by his daughter, the jury could have found that upon boarding the car it was so crowded that passengers were standing on the rear platform and the running board.    By taking the place where he stood when injured, it cannot under such conditions be said as matter of law that he was negligent, and this question should have been submitted to the jury.    *Pomeroy* v. *Boston & Northern Street Railway*, 193 Mass. 507, and cases there cited.

The degree of care which the defendant was required to exercise has been often defined as such reasonable diligence for the safety of passengers as the nature of its business demanded. See *Dodge* v. *Boston & Bangor Steamship Co.* 148 Mass. 207 ; *Galligan* v. *Old Colony Street Railway*, 182 Mass. 211, 214, 215 ; *Pomeroy* v. *Boston & Northern Street Railway, ubi supra.* Upon this question the evidence was uncontroverted.    It appears that as the car was running on the main track, it came to a switch opening into a track which ran into a side street, when the forward truck passed safely over, but the rear truck swiv-

elled, or turned, and went into the side track, bringing the rear part of the car into collision with the team, and thus causing the accident. The entire management of track and equipment was in the control of the defendant. It was content to remain silent, and offered no evidence either of its supervision and care of the track or of the cause of the derailment. If it could have shown that it was not negligent either in the construction or maintenance of the track or in the running of the car, yet, having rested its defence on the testimony put in by the plaintiff, upon proof by her that the car left the track there was evidence of the defendant's failure to discharge its duty. *Pinney* v. *Hall*, 156 Mass. 225. *Feital* v. *Middlesex Railroad*, 109 Mass. 398, 405. The jury, to whom this question should have been submitted, well might find from common experience, if nothing further appeared, that unless either the track or the car was defective, it would not have been derailed. *Feital* v. *Middlesex Railroad, ubi supra. Griffin* v. *Boston & Albany Railroad*, 148 Mass. 143, 146. *Savage* v. *Marlborough Street Railway*, 186 Mass. 203. See also *Buckland* v. *New York, New Haven, & Hartford Railroad*, 181 Mass. 3 ; *Galligan* v. *Old Colony Street Railway*, 182 Mass. 211.

*Exceptions sustained.*