BELLE CHAFFEE *vs.* CONSOLIDATED RAILWAY COMPANY.
HENRY M. INGRAHAM *vs.* SAME.

Worcester.    October 1, 1907. — November 26, 1907.

Present : KNOWLTON, C. J., MORTON, BRALEY, & SHELDON, JJ.

*Negligence*, Street railway, *Res ipsa loquitur. Practice, Civil*, Exceptions. *Evidence.*

From the record before this court at a hearing on exceptions taken by the defendant at the trial of actions for personal injuries received by the plaintiffs while on an electric railway car, it appeared that the defendant was described in the writ as a railway company, that the opening sentence in the bill of exceptions was "These are two actions of tort arising out of alleged injuries received by the plaintiffs while passengers upon a car of the defendant," that it was admitted " that the car upon which the plaintiffs were riding was the property of the defendant," and that the plaintiffs and others were accepted and transported on the car as passengers. The defendant contended that there was no evidence that the defendant was a common carrier, was operating the car or was in control of the railway. *Held,* that the inferences, that the defendant as a common carrier had offered the car as a means of transportation to persons wishing to avail themselves of it, and that the plaintiffs had become passengers therein, were warranted according to the record.

At the trial of an action by a passenger upon an electric railway car for injuries received in a collision caused by a work car backing into the car upon which the plaintiff was, there was evidence tending to show that, for some time before the collision, the work car had been running in front of the car upon which the plaintiff was, that upon the work car were a telegraph pole and a trolley pole, that, just before the collision, the work car had proceeded part way up a hill with a steep grade and the car on which the plaintiff was had just started up the hill, that the rails of the track upon the hill were covered with leaves and were slippery, that the work car was unable to proceed and, although brakes were applied and sand and gravel were thrown upon the track, it backed into the car behind. The defendant contended that a verdict should have been directed in its favor because there was no evidence that the work car or the railway were under its control. *Held,* that the collision, unexplained by the defendant, was evidence from which the jury were warranted in finding negligence on its part, and that the defendant was responsible for the proximate results to the plaintiff of its negligence even if the work car and the railway were under the control of another corporation.

TWO ACTIONS OF TORT by passengers upon a car for personal injuries received by reason of a collision between the car upon which they were and a work car, alleged to have occurred because of negligence for which the defendant was responsible. Writs in the Superior Court for the county of Worcester dated December 7, 1904.

At the trial, which was before *Wait,* J., "it was admitted by the defendant that the car upon which the plaintiffs were riding was the property of the defendant." The opening sentence in the bill of exceptions, referred to in the first paragraph of the opinion, is as follows : " These are two actions of tort arising out of alleged injuries received by the plaintiffs while passengers upon a car of the defendant." There was evidence tending to show that, preceding the car upon which the plaintiffs and others were passengers, was a box car with a flat car coupled behind it, that on the box car was a trolley pole and on the flat car a telegraph pole which projected toward the rear ; and that the collision occurred on a steep hill where the rails of the track were covered with leaves and were slippery. The accident happened in the morning of a day in the last of October.

At the close of the evidence, the defendant requested that a verdict be directed for the defendant. The request was refused and the defendant excepted.

Other facts are stated in the opinion.

*J. L. Hall,* for the defendant.

*J. A. Thayer,* for the plaintiff.

BRALEY, J.   Unless there was evidence that the relation of passenger and carrier existed between the parties, the defendant's request that a verdict be ordered in its favor should have been granted.

At the outset, the bill of exceptions states that at the time of the accident the plaintiffs " were passengers upon a car of the defendant." The subsequent recital of an admission of ownership merely emphasizes this statement. It is urged by the defendant that, notwithstanding this admission, there was no evidence as to who was operating the car or in control of the railway. But if the details are meagre, it was beyond conjecture that the defendant, described in the writ as a railway company, owned a car, running over a line of street railway operated by electricity, in which the plaintiffs in common with others were being transported. It received and undertook to carry the plaintiffs in this car over the line of track on which it ran, and the use to which the car was put, with the conditions of operation unexplained, warranted the inference that the defendant at the time offered this means of transportation to those who

wished to avail themselves of such facilities. *Indiana Union Traction Co.* v. *Jacobs,* 167 Ind. 85.

If the plaintiffs were passengers in a car provided by the defendant, it had engaged to exercise such reasonable diligence for their safety during transportation as the nature of the business required. *Gordon* v. *West End Street Railway,* 175 Mass. 181. *Davey* v. *Greenfield & Turners Falls Street Railway,* 177 Mass. 106. *Pomeroy* v. *Boston & Northern Street Railway,* 193 Mass. 507. *Egan* v. *Old Colony Street Railway,* 195 Mass. 159, and cases cited. Another car variously described as a work or flat car preceded the car in which the plaintiffs were riding, when, as it approached a portion of the track where there was a rising grade, the forward car, then a short distance in advance, slid backward on the rails, and, suddenly descending, came into collision with the passenger car, causing the accident.

Again it is said that there is a failure of evidence to connect the defendant with the management of the work car. But, the plaintiffs having shown the collision, this fact until explained by the company was some evidence of negligence, as the jury could find that in the ordinary course of affairs it would not have happened if proper precautions had been taken. *Egan* v. *Old Colony Street Railway, ubi supra.* The defendant, indeed, offered some evidence of the efforts made by those in charge of the work car and by the section men, as it passed, to prevent it from sliding, but the fact that neither the application of the brake, nor of the sand and gravel placed on the track appreciably retarded its speed, still left the question of negligence in the management of this car to be determined by the jury. If negligence were found, then the defendant was responsible to the plaintiffs for the resulting injury to which it voluntarily had exposed them, even if the work car and the railway were under the control of another corporation. *Littlejohn* v. *Fitchburg Railroad,* 148 Mass. 478. *Stetler* v. *Chicago & Northwestern Railway,* 46 Wis. 497. See also *Engel* v. *New York, Providence & Boston Railroad,* 160 Mass. 260, 263.

*Exceptions overruled.*