*Exceptions sustained.*

ALCIDE ST. LOUIS *vs.* BAY STATE STREET RAILWAY COMPANY.

Essex.    November 7, 1913. — December 13, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & DE COURCY, JJ.

*Negligence,* Street railway, In use of electricity, *Res ipsa loquitur.* *Electricity.* *Evidence,* Presumptions and burden of proof.

In an action against a street railway company to recover for the death of a horse, alleged to have been caused by a current of electricity communicated from a track of the defendant in a public way, there was evidence tending to show that in the conduct of its business the defendant caused a current of electricity of high voltage to be communicated from its power house through a trolley wire and the motor apparatus of the car to the track and thus back to the power house, that, when all the apparatus was in proper order, the current in the track was harmless, but that, if there was a short circuit connecting the trolley wire and the track at some point farther from the power house than the plaintiff's horse was, the track might have become charged with a current of dangerously high voltage, and that this was more likely to happen on a wet day than on a dry day; that the plaintiff's horse on a wet day had stepped upon the track, that there was a spark at the point of contact and that the horse fell over and died from an electric shock. There was no other evidence of negligence of the defendant. *Held,* that the question of the defendant's liability was for the jury, who, by the application of the doctrine of *res ipsa loquitur,* would have been warranted in finding that the plaintiff's horse was killed by a dangerous current of electricity which was in the track because of negligence of the defendant.

TORT for damages for the death of the plaintiff's horse and the breaking of his wagon, alleged to have been caused by a current of electricity from the defendant's street railway track on Broadway in Lawrence. Writ in the Police Court in Lawrence, dated December 19, 1911.

On appeal to the Superior Court the case was tried before

*Bell,* J.  The evidence is described in the opinion.  At the close of the evidence the judge ruled that the plaintiff was not entitled to recover, ordered a verdict for the defendant and reported the case for determination by this court, with the stipulation that, if the ruling was wrong, judgment should be entered for the plaintiff in the sum of $140; otherwise, judgment was to be entered for the defendant.

*A. X. Dooley,* for the plaintiff.

*I. W. Sargent,* for the defendant.

RUGG, C. J.   This is an action to recover for the alleged electrocution of the plaintiff's horse.  There was evidence tending to show that the defendant operated an electric street railway system, wherein the electric current was transmitted from the trolley wire down wires in the sides of the car to the motors, thence to the controller, and then to the rail, through which it ran back to the power house.  There was a high voltage of electricity in the trolley wire which would be fatal to animal life exposed to its force, but in the rail the electric current was dead unless there was some defect.  As the plaintiff on a wet November afternoon was driving at moderate speed, his horse stepped on a rail of one of the defendant's tracks in a public way, a spark came from the rail, the horse stopped suddenly, went backward a little and then fell and died.  A veterinary surgeon of long and wide experience expressed the opinion, based on the appearance of the organs revealed at an autopsy, which he described in detail and which in some respects was peculiar to electrical action, that the horse was killed by electricity.  There was testimony that the rails and other apparatus and appliances at the place of the accident were in perfect condition on the following morning, but that still it was possible for the horse to be killed by reason of a short circuit between a rail and wire at some point on the track farther from the power house than the place of the accident, and that on a wet day there was more danger from wires or rails through which an electric current was passing than on a dry day.  There was no other evidence of negligence on the part of the defendant.

The question is whether this evidence, which might have been found to be true, warranted a legitimate inference of negligence on the part of the defendant.  There were the definite physical facts of the death of the horse following almost instantly

from stepping upon the rail of the defendant, characteristic traces of a fatal electrical shock upon the body of the horse, and the presence of electricity as manifested by the spark from the rail, which in the absence of defect would manifest no considerable electrical current, and the possibility of dangerous electrical power in the rail due to a short circuit. It is true that there is no direct and positive testimony of specific negligence on the part of the defendant. Whether there was such negligence is a matter of inference. But in the face of these physical facts it cannot be said that there is no reasonable probability that the resultant harm to the plaintiff came from the failure of the defendant to guard the dangerous instrumentality by which its cars were operated and which was passing through its wires in the street. It does not appear that the electricity could have come from any other source. Commonly rails of electric street railways are free from any dangerous electrical force. The safety of the travelling public imperatively demands that they be harmless to the step of man and beast. Here a person in the exercise of due care is injured by an unexplained accident arising from an instrumentality in the control of the defendant, which, in the ordinary experience of mankind would not have happened without fault on the part of the defendant. This is the definition of the doctrine of *res ipsa loquitur*. *Doyle* v. *Boston & Albany Railroad,* 145 Mass. 386. *Pinney* v. *Hall,* 156 Mass. 225. *Graham* v. *Badger,* 164 Mass. 42, 47. *Beattie* v. *Boston Elevated Railway,* 201 Mass. 3. *Minihan* v. *Boston Elevated Railway,* 197 Mass. 367. *McNamara* v. *Boston & Maine Railroad,* 202 Mass. 491, 496. *Martin* v. *Boston & Northern Street Railway,* 205 Mass. 16, 19. *McDonough* v. *Boston Elevated Railway,* 208 Mass. 436, 440. *San Juan Light & Transit Co.* v. *Requena,* 224 U. S. 89, 98, 99. As average men drawn from the body of the community, the jury might infer that this particular kind of accident usually does not happen except in consequence of negligence, and that therefore it did happen in this instance from negligence of the defendant in the absence of some countervailing explanation. This seems more consonant with reason than to say that as matter of law no inference of negligence on the part of the defendant was warranted. The cases, where the cause of the accident is left wholly to conjecture, relied on by the defendant are distinguishable. It is enough,

to point to the evidence that there would be no dangerous current of electricity in the rail unless there was a defect, to differentiate the case at bar from *Carney* v. *Boston Elevated Railway,* 212 Mass. 179.

This precise question has never arisen before in this Commonwealth, but it has been decided in other jurisdictions in harmony with the conclusion here reached. *Trenton Passenger Railway* v. *Cooper,* 31 Vroom, 219. *Clarke* v. *Nassau Electric Railroad,* 9 App. Div. (N. Y.) 51. *Smith* v. *Brooklyn Heights Railroad,* 82 App. Div. (N. Y.) 531. See, however, *Ludwig* v. *Metropolitan Street Railway,* 71 App. Div. (N. Y.) 210, reversed in 174 N. Y. 546, on the dissenting opinion below.

In accordance with the terms of the report let the entry be.

*Judgment for the plaintiff for $140.*