ESTHER L. BURNS *vs.* HOLYOKE STREET RAILWAY COMPANY.

Hampden.    September 17, 1925. — October 15, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Negligence*, Contributory, In use of electricity, Res ipsa loquitur, Street
railway.   *Practice, Civil*, Conduct of trial.   *Damages*, In tort.

At the trial of an action by a girl against a street railway company for
personal injuries received when, as she was crossing a public highway,
she came in contact with a "live" trolley wire which had broken from
the poles of the defendant and was lying in the roadway, the plaintiff
testified that she looked to see if trolley cars or automobiles were ap-
proaching "and there were none"; that she tripped on something and
in getting up put her "hand on the ground and . . . put it on the wire";
that before she fell she didn't see the wire; that it hit her just above
"the top of the shoe, leaving a black and blue mark"; that when she
touched the wire with her hand she couldn't remove it and there was a
burn on her hand.   *Held*, that it could not have been ruled as a matter
of law that the plaintiff was guilty of contributory negligence.
The mere fact, that a trolley wire of a street railway company breaks when
in use and falls to the ground is evidence that such break and fall were
caused by negligence of the company.
In the action above described there was evidence that the plaintiff, in
falling, touched the wire with her hand and could not remove it and that
her hand "was charred and seemed to be in a roasted condition."   There
also was evidence that the wire was twice broken and that after the
second break there was no current where the plaintiff was injured.
*Held*, that it was for the jury to say whether the plaintiff was injured
before the second break and while the wire was charged with electricity.

TORT for personal injuries caused to the plaintiff, a girl
thirteen years of age, while a traveller on the highway when
her hand came in contact with a "live" trolley wire of the
defendant which had broken and fallen to the ground.   Writ
dated November 18, 1920.

The action first was tried before *King*, J.   Material evi-
dence and requests by the defendant for rulings are described
in the opinion.   The jury found for the plaintiff in the sum
of $2,000.   On motion by the defendant, the verdict was
set aside, the plaintiff refusing to remit $1,000 thereof.   A
second trial was before *Irwin*, J., and was confined to the
question of damages.

There was evidence that the wire which broke was broken twice, at one time near where the plaintiff was injured and at the other time at another point nearer the power house. Exceptions saved by the defendant are described in the opinion.

The jury found for the plaintiff in the sum of $1,500. The defendant alleged exceptions saved at the first trial.

The case was submitted on briefs.

*W. H. Brooks, J. P. Kirby, & D. H. Keedy*, for the defendant.

*T. J. O'Connor & G. F. Leary*, for the plaintiff.

CARROLL, J. The plaintiff, a girl thirteen years of age, while crossing Canal Street, in Holyoke, was injured by coming in contact with a trolley wire of the defendant, which had fallen to the ground. At the first trial there was a verdict for the plaintiff. On the defendant's motion the verdict was ordered to be set aside unless the plaintiff elected to accept a sum stated. The plaintiff refused so to elect, and the case was tried a second time upon the question of damages. At this trial the jury found for the plaintiff. Exceptions by the defendant were taken at both trials.

At the first trial the defendant's exceptions relate to the due care of the plaintiff, the negligence of the defendant, and certain rulings by the presiding judge.

The plaintiff's care was a question of fact. It was raining hard, and the plaintiff was crossing the street carrying an umbrella. She testified that she looked to see if trolley cars or automobiles were approaching "and there were none"; that she tripped on something and in getting up put her "hand on the ground and . . . put it on the wire"; that before she fell she didn't see the wire; that it hit her just above "the top of the shoe, leaving a black and blue mark"; that when she touched the wire with her hand she couldn't remove it and there was a burn on her hand. Her care, considering all the circumstances, was a question for the jury.

The defendant's negligence was for the jury. The wire was in evidence. There was testimony that it was worn; that no record was made of inspection; that "Like enough we inspected this section every two or three months."

Originally the wire was round, according to the defendant's servant in charge of its wires.   He testified that "The wire broke right close to the cut out box.   The box being rigid every time a trolley wheel passed over the wire it might bend it a little.   This point was very important to watch . . . . The thinner the wire gets the more liable it is to break." On this evidence the jury could find the defendant to have been negligent in failing to prevent the wire from dropping to the ground.   Even if there were no sufficient evidence of the defendant's negligence in caring for the wire and properly inspecting it before it fell, it appeared that the appliance was under the management of the defendant.   According to common experience, an overhead trolley wire of this kind does not fall to the ground without fault on the part of the defendant.   The doctrine *res ipsa .loquitur* applies.   *Uggla* v. *West End Street Railway,* 160 Mass. 351.   *St. Louis* v. *Bay State Street Railway,* 216 Mass. 255, and cases cited. See *Cassady* v. *Old Colony Street Railway,* 184 Mass. 156, 163.

The plaintiff in her first count alleges that the wire was "negligently suffered by the defendant to be and remain on the surface of said Canal Street."   The jury were told that there was no evidence that the defendant was negligent in failing to remove the wire before the plaintiff came in contact with it, nor in "permitting the wire to lie too long," nor that after it fell the defendant was lacking in care.   This instruction was not qualified by any instruction given on this aspect of the case.   The defendant has no cause to complain of the instructions bearing on the first count of the declaration or the question of the defendant's care after the wire fell. The jury were told that the plaintiff could not recover on the third count.   The second count, upon which count alone, as we construe the instructions, the plaintiff went to the jury, sets out that the defendant was negligent in that it "carelessly suffered and allowed [the wire] to fall and remain on the surface of said Canal Street."   The jury were told that there was no evidence of negligence on the part of the defendant after the wire fell.   The sole question of the defendant's negligence left to the jury was in the care of the wire while it was in its place above the car tracks.   We find

no error ·of law at the first trial, in the refusal to give the defendant's requests, or in the instructions given.

The second trial was limited to the question of damages. G. L. c. 231, § 128. The defendant contends that there was no evidence that the wire with which the plaintiff came in contact was charged with electricity or that the plaintiff's injuries were caused by an electric shock. Even if this contention were open to the defendant at the second trial, from the plaintiff's description of her wounds and the testimony showing that her hand "was charred and seemed to be in a roasted condition," the jury could find that the wire was charged with electricity. On this question the judge instructed the jury that if the plaintiff was injured after the second break there was no current at that time passing through the wire; but he left it to the jury to determine whether the plaintiff was injured before the second break occurred, at which time, the jury could say, the wire was charged with electricity. These instructions were sufficiently favorable to the defendant.

*Exceptions overruled.*