AMY W. GILCHRIST *vs.* BOSTON ELEVATED RAILWAY
COMPANY.

(Thirty-seven other actions against the same defendant.)

Suffolk.    May 14, 1930. — July 16, 1930.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & SANDERSON, JJ.

*Negligence,* Street railway, Res ipsa loquitur. *Evidence,* Presumptions
and burden of proof. *Practice, Civil,* Specifications; Charge to jury;
Exceptions: whether error harmful.

At the trial of an action against a street railway company for personal
injuries suffered when a trailer car on which the plaintiff was a pas-
senger was derailed, the plaintiff did not introduce any evidence as
to the cause of the accident, but relied upon a presumption of negli-
gence arising from the accident itself. A bill of exceptions, filed by
the defendant after a verdict for the plaintiff, contained an excep-
tion to the exclusion of certain specifications signed by the attorney
for the plaintiff and set forth the following offer made by the defend-
ant's counsel: "I offer to show that that certain specification stands
on the same footing as an answer to an interrogatory in this case."
The record did not show the contents of the excluded specifications,
the defendant's purpose in offering them in evidence, or their signifi-
cance upon any issue involved at the trial. *Held,* that
    (1) An attempt by the plaintiff in a specification to explain the
cause of the accident did not preclude him from relying upon the
doctrine of *res ipsa loquitur;*
    (2) The defendant had not sustained the burden on it of showing
that it was prejudiced by the exclusion.
At the trial above described, the defendant, by evidence not uncontra-
dicted, sought to show that the cause of the derailment was a bolt
which got into a switch through causes for which the defendant was
in no way responsible, and moved that a verdict be ordered in its favor.
The motion was denied. *Held,* that
    (1) The question, whether the defendant's evidence was to be be-
lieved, was for the jury;
    (2) If the jury disbelieved the evidence introduced by the defend-
ant, the doctrine of *res ipsa loquitur* was applicable to the action, and
warranted a verdict for the plaintiff;
    (3) The motion properly was denied.
The trial judge in his charge to the jury at the trial of a single issue in
the action above described, whether in the circumstances the accident
which resulted in the plaintiff's injury was caused by negligence of
the defendant, after accurately and adequately describing what was
meant by the burden of proof upon the plaintiff "to prove by the

preponderance of the evidence that negligence for which the defend-ant is responsible in fact caused the accident," instructed them in substance as follows: "Unless you . . . find by the preponderance of the evidence that the accident was caused in a particular manner, you may treat the fact that the accident happened as it is agreed it did happen as some evidence of negligence . . . for which the de-fendant is responsible; but if from the evidence you . . . find that the accident happened in a particular manner, then you can no longer draw any inference of negligence . . . from the happening of the accident itself, but you must then consider only the question, whether the evidence shows negligence of the defendant or its servants which actually caused the accident in the particular manner in which you find it actually happened. If . . . you find by the preponderance of the evidence that the accident happened because of the presence of an iron bolt . . . in the switch, then I instruct you that you must answer the question 'No'. . . . But, if you fail to find that the acci-dent was caused by the bolt, then you may come back to the general proposition that the happening of such an accident as this is some evidence of negligence . . . of the defendant and its servants, and then consider whether in fact by the greater weight of evidence the accident was caused by negligence of the defendant or not." *Held,* that

(1) The charge was to be considered as a whole to determine whether it was legally correct;

(2) The use of the word "preponderance" in the portion of the charge above quoted did not relieve the plaintiff of the burden of proof, nor permit the jury to find for the plaintiff if the defendant's evidence as to the cause of the accident exactly balanced the evidence of negligence arising from the accident itself.

Any harm which the defendant suffered at the trial above described through an alleged error of the judge in permitting the plaintiffs to ask hypothetical questions based on facts not in evidence, and in denying defendant's motion that such questions and the answers thereto be struck out, was cured by an instruction to the jury: "In this case . . . the plaintiffs have failed to show just how the accident happened, and have failed to show just what the defendant did, if anything, or failed to do, if anything, that caused the accident. The evidence for the plaintiffs as to possible causes of the accident was not based upon any facts proved"; which instructions were followed by a specific statement of theories of causes of the accident, as to which he stated there was no evidence, and the following statement: "So far as any specific cause of the accident is concerned, so far as any specific act or kind of negligence is concerned, there is no evi-dence which would justify you in finding any specific act or kind of negligence on the part of the defendant or its servants."

THIRTY-EIGHT ACTIONS OF TORT for personal injuries al-leged to have been suffered by the plaintiffs when a trailer car of the defendant numbered 7,191 was derailed at or

near the corner of Southampton Street and Boston Street in that part of Boston called South Boston on June 23, 1926. Writs dated variously from July 2, 1926, to January 1, 1929.

The actions were tried together in the Superior Court before *Lummus*, J., by agreement of parties only upon the following issue: "Was the accident which happened to the defendant's car numbered 7,191 at or near the corner of Southampton Street and Boston Street in South Boston about five or six o'clock in the afternoon of June 23, 1926, which is the accident in which the plaintiff alleges that he or she received injury, caused by negligence of the defendant for which a passenger on said car not guilty of contributory negligence but injured in body by reason of said accident is entitled to recover against the defendant?" Material evidence and exceptions by the defendant are stated in the opinion.

A portion of the charge to the jury was as follows: "Cars and tracks and switches are designed to keep the wheels upon the tracks and to cause the cars at switches to pass either one way or the other; they are intended among other things to prevent one car from going one way while the trailer car attached to it goes the other way. All the equipment and appliances are in the control of the defendant. The fact that the first car went over the switch to the left and the wheels of the trailer car attached to it took the switch to the right is evidence that there was some defect in the equipment or appliances somewhere, and that such defect arose from some negligence of the defendant or its servants engaged in its work. That does not mean that the jury are bound to find negligence in such a case. It merely means that such an accident while the real cause remains undiscovered is evidence for the consideration of the jury in determining whether there was negligence in fact or not. The burden remains on the plaintiffs, in order to obtain an answer 'Yes' to the question submitted to you, to prove by the preponderance of the evidence that negligence for which the defendant is responsible in fact caused the accident. If the plaintiffs do prove that you will

answer the question 'Yes.'   If they fail to prove that you will answer the question 'No.'"

Other material portions of the charge are quoted in the opinion.

The jury answered the issue in the affirmative.   The judge thereupon reported the actions for determination by this court, incorporating in the report a bill of exceptions of the defendant, allowed by him on the same day as his report.

*H. F. Hathaway,* (*J. T. Hughes* with him,) for the defendant.

*E. M. Shanley,* (*J. J. Cummings* with him,) for the plaintiffs.

CROSBY, J.   These are actions brought by the several plaintiffs to recover for personal injuries, alleged to have resulted from the derailment of a trailer car on which they were passengers.   The actions were tried together in the Superior Court.   Under a stipulation entered into by the parties, the only question submitted to the jury was whether or not the accident in which the alleged injuries occurred was caused by negligence of the defendant.   The jury found that the accident was so caused.   The trial judge at the request of the defendant reported the cases to this court.   The plaintiffs did not introduce any evidence as to the cause of the accident, but relied upon a presumption of negligence arising from the accident itself.   The defendant introduced evidence to show that the accident was caused by a bolt falling or being knocked into a switch over which the car was passing, and that it was not from any part of the defendant's equipment; it suggested that the bolt had been knocked into the switch by a passing motor vehicle.

The defendant's first exception is to the exclusion of certain specifications signed by an attorney of one of the plaintiffs.   The defendant contends that the specifications in question contained statements that the accident was caused by a bolt in the switch, and that the exclusion of the specifications, and the failure of the plaintiffs to introduce evidence as to the cause of the accident, gave the plaintiffs the benefit of the doctrine of *res ipsa loquitur*

and thereby prejudiced the defendant. The attempt of the plaintiffs to explain the cause of the accident did not deprive them from relying upon the doctrine of *res ipsa loquitur*. *McDonough* v. *Boston Elevated Railway*, 208 Mass. 436, 440. *Stangy* v. *Boston Elevated Railway*, 220 Mass. 414, 416. Furthermore, the record does not show the contents of the excluded specifications, the defendant's purpose in offering them in evidence, or their significance upon any issue involved at the trial. The only offer of proof was: "I offer to show that that certain specification stands on the same footing as an answer to an interrogatory in this case." As it does not appear from the record that the defendant has been prejudiced by such exclusion, this exception cannot be sustained. "The burden is upon the excepting party to set out enough in the bill of exceptions to show that he has suffered harm by an erroneous ruling." *Reilly* v. *Selectmen of Blackstone*, 266 Mass. 503, 510. *Posell* v. *Herscovitz*, 237 Mass. 513, 517.

The defendant's second exception is to the denial of the defendant's motion to direct verdicts in its favor. The grounds urged in support of this motion may be summarized as follows: (1) that the accident was caused by a bolt in the switch; therefore, as the cause of the accident was known, the doctrine of *res ipsa loquitur* is not applicable; (2) that there is no evidence that the presence of the bolt in the switch was the result of negligence of the defendant; and (3) that, the plaintiffs having failed to introduce evidence of negligence of the defendant, and there being no presumption of negligence, the judge should have directed verdicts for the defendant.

It is plain that this entire argument is based upon the testimony as to the presence of the bolt in the switch, but the jury were not bound to believe this testimony, and if it was disbelieved there was no evidence as to the cause of the accident. Even if the testimony in regard to the bolt was uncontradicted, the jury had a right to find that it was not entitled to credence. *Lindenbaum* v. *New York, New Haven & Hartford Railroad*, 197 Mass. 314, 323. *Guinan* v. *Famous Players-Lasky Corp.* 267 Mass.

501, 518. As matter of fact the testimony respecting the presence of the bolt in the switch was not uncontradicted. One Sawyer, a witness called by the plaintiffs, testified in substance that the derailed car was in such a position that one would have to lie on his stomach to reach the switch in which the defendant's witness claimed to have found the bolt. That witness had previously testified that it was not part of his duty to look at the switch at that time, and that he did so merely out of curiosity. If, as the jury could have found, the bolt was not in the switch at the time of the accident, a case is presented in which the doctrine of *res ipsa loquitur* is particularly applicable. "A railroad and its cars are constructed and adjusted to each other with the purpose that, when there is no defect in either, the cars shall remain on the track. The fact that a car runs off is evidence of defect or negligence somewhere. . . ." *Feital* v. *Middlesex Railroad*, 109 Mass. 398, 405–406. "The jury . . . well might find from common experience, if nothing further appeared, that unless either the track or the car was defective, it would not have been derailed." *Egan* v. *Old Colony Street Railway*, 195 Mass. 159, 161. Cases holding that the doctrine of *res ipsa loquitur* does not apply are cases where the accident might have occurred despite due care of the defendant and where, therefore, the defendant's fault could not properly be inferred from the accident itself. For example, in *Stangy* v. *Boston Elevated Railway*, 220 Mass. 414, a coal wagon collided with the side of a trolley car. In *Gibson* v. *International Trust Co.* 177 Mass. 100, the operator of an elevator involuntarily clutched the control lever to avoid falling. In *Parsons* v. *Hecla Iron Works*, 186 Mass. 221, the plaintiff was injured by the falling of a staging, caused by the removal of certain supporting braces by an unknown person. It is plain in all of these cases that the accident might have happened without any fault of the defendant, and the doctrine of *res ipsa loquitur* had no application. In the present case the accident itself is evidence of negligence on the part of the defendant. *James* v. *Boston Elevated Railway*, 201 Mass. 263, and cases cited. *S. C.*

204 Mass. 158. The burden of proof remains on the plaintiffs, but they are entitled to have the jury decide upon the credibility of the defendant's evidence as to the cause of the accident. If that evidence is not believed, the jury could find that the plaintiffs have sustained the burden of proof resting upon them. It follows that the defendant's motion for directed verdicts was rightly denied.

The defendant's third exception is to certain parts of the judge's instructions which are as follows: "Unless you . . . find by the preponderance of the evidence that the accident was caused in a particular manner, you may treat the fact that the accident happened as it is agreed it did happen as some evidence of negligence . . . for which the defendant is responsible; but if from the evidence you . . . find that the accident happened in a particular manner, then you can no longer draw any inference of negligence . . . from the happening of the accident itself, but you must then consider only the question whether the evidence shows negligence of the defendant or its servants which actually caused the accident in the particular manner in which you find it actually happened. If . . . you find by the preponderance of the evidence that the accident happened because of the presence of an iron bolt . . . in the switch, then I instruct you that you must answer the question 'No' . . . . But if you fail to find that the accident was caused by the bolt then you may come back to the general proposition that the happening of such an accident as this is some evidence of negligence . . . of the defendant and its servants, and then consider whether in fact by the greater weight of evidence the accident was caused by negligence of the defendant or not." It is the contention of the defendant that the use of the word "preponderance" in the foregoing instructions in effect relieved the plaintiffs of the burden of proof; that if the defendant's evidence as to the cause of the accident exactly balanced the evidence of negligence arising from the accident itself, the jury under the instructions would find for the plaintiffs. It is to be noted that the judge did not instruct the jury that unless the defendant,

by a preponderance of evidence, proved the cause of the accident the presumption of negligence was controlling. He merely said that the accident, in the absence of a preponderance of evidence as to its cause, was "some evidence" of negligence. The judge accurately described what was meant by the burden of proof. The use of the word "preponderance" cannot be said to be erroneous, especially in view of the following instructions, which preceded those above quoted: "The burden remains on the plaintiffs, in order to obtain an answer 'Yes' to the question submitted to you, to prove by the preponderance of the evidence that negligence for which the defendant is responsible in fact caused the accident." It is settled that a charge is to be considered as a whole to determine whether it is legally correct, rather than tested by fragments which may be open to just criticism. *Lockwood* v. *Boston Elevated Railway,* 200 Mass. 537, 544. *Draper* v. *Cotting,* 231 Mass. 51, 63. *Lonergan* v. *American Railway Express Co.* 250 Mass. 30, 36.

The defendant's fourth exception is to the alleged error of the judge in permitting the plaintiffs to ask hypothetical questions based on facts not in evidence, and in denying defendant's motion that such questions and the answers thereto be struck out. Any harm which the defendant might otherwise have suffered was cured by the following instructions: "In this case . . . the plaintiffs have failed to show just how the accident happened, and have failed to show just what the defendant did, if anything, or failed to do, if anything, that caused the accident. The evidence for the plaintiffs as to possible causes of the accident was not based upon any facts proved. The theory of the possibility of electrical disorder was not accompanied by any evidence that there was any such disorder. The theory of a looseness of the tongue in the switch or a wearing of the wheels or parts was not accompanied by any evidence that there was in fact any such looseness or wearing. The theory of undue speed in approaching the switch was not accompanied by any evidence of undue speed or any evidence that undue speed could have caused this

accident. The theory that another car coming from behind might have turned the switch electrically was not accompanied by any evidence that there was any such car or that any such turning was possible under the circumstances of this case. So far as any specific cause of the accident is concerned, so far as any specific act or kind of negligence is concerned, there is no evidence which would justify you in finding any specific act or kind of negligence on the part of the defendant or its servants." As these instructions are clear, precise and unequivocal, it must be assumed that the jury understood, and acted upon, them. *Commonwealth* v. *Richmond,* 207 Mass. 240, 251. *Mikkelson* v. *Connolly,* 229 Mass. 360, 361, 362.

All the exceptions argued have been examined; those not argued need not be considered. We find no error in the conduct of the trial.

*Exceptions overruled.*