Bolster, C. J.
This is an action ag*ainst a common carrier, by a “paid passenger” for injuries received in an accident in which a rear wheel came off the defendant’s bus. The defendant asked rulings, which were refused, that there was no evidence of negligence, that negligence was on the evidence conjectural, that the plaintiff must prove negligence and there was not sufficient evidence of it, that the plaintiff must prove that the wheel came off because of some defect which was “patent” and should reasonably have been discovered by the defendant before the trip started, and there was not sufficient evidence of such negligence, and also the general ruling “on all the evidence”. The judge granted a request of the defendant that it was not bound to remove the wheel or get under the bus to examine it. He has stated that the defendant of *49 fered no evidence “in explanation of why the wheel became detached from the bus” and that the defendant’s mechanic whose duty it was to make an examination of the mechanical parts of the bus and the wheels was not offered as a witness.
. The defendant, a common carrier, is held to a high degree of care. It is common knowledge that it is not a usual occurrence for wheels to come off of motor vehicles, and that in view of the speed at which they travel and the sideways pressure on curves, precautionary measures are necessary and are taken by manufacturers. Whether an inference of negligence, if drawn, is removed by the defendant’s efforts at explanation, is for the trial judge to decide. If the explanation does not suffice, the inference remains. McNamara v. Boston & Maine R. R., 202 Mass. 491, 497. An “explanation” that the wheel came off because the nut came off only states the obvious. What was called for was an explanation why the nut came off, coupled with facts which rebutted the inference that it came off because of carelessness in assembling or inspection.
The central question here is whether an inference of negligence could in such a case as this be drawn from the happening of the accident. It was held in Ware v. Gay, 11 Pick. 106 (1831), that the fact that a wheel came off a stage-coach, because the nut unscrewed and came off, would support a finding of negligence. That decision is not particularly convincing here. Common knowledge, at a time when mechanical devices were comparatively simple, and most men greased their own wheel axles, or watched it done, can hardly be carried forward into an era of complicated mechanisms, familiar to some, mysteries to others. At the other end of the line from the stage-coach case is Wilson v. Colonial Air Transport Co., Inc., App. Div. No. 236377 (33-21), S. C. 278 Mass. 420, in which the plaintiff *50 sought, unsuccessfully, to raise an inference of negligence from the stopping in mid-air of an airplane motor. In many opinions, expressions are employed which treat defect and negligence as synonymous, Feital v. Middlesex R. R., 109 Mass. 398, Egan v. Old Colony St. Ry., 195 Mass. 159, but we assume it settled that the true basis of liability is failure to use the required degree of care. The crucial question is not whether the evidence permits the inference of a defect — something easily inferable from the accident itself — but whether it permits the inference that the defect most likely existed because of carelessness. Before that can be said, a certain amount of structural knowledge must be attributed to the common man, whose general fund of information the court is supposed to apply to the given case. It would not be orthodox for the courts to forget the maxim that he who alleges must prove, and say that as a matter of public policy the common carrier must disprove negligence. But if the average man knows enough about the underground mechanism of an electric railway switch to know that it does not — most likely — -get out of order unless someone has been careless, Gilchrist v. Boston Elev. Ry. Co., 272 Mass. 346, and that the breaking of an overhead trolley-wire support means negligence rather than crystallization through vibration, Uggla v. West End St. Ry. Co., 160 Mass. 351, and that an electric current does not “short-circuit” on a wet day unless some one has been careless, St. Louis v. Bay State St. Ry. Co., 216 Mass. 255, we think we shall not be over-extending the compliment to ordinary knowledge if we say that it is common knowledge that wheels do not come off common carrier buses unless some one has been careless about securing them in place, which is in effect what the trial judge said, by his finding. It is probably the fault of our limited intelligence that we do not know the internal construction of this wheel *51 and axle, — whether the wheel rode directly upon the axle or on the housing — what mechanical devices existed to secure it in place and how often inspection was required to keep it safe. We are ready to agree, however, that the average man knows a good deal more about automobile construction than he does about electric switches, overhead trolley wires and the escape of electricity.
The defendant has filed a petition to prove his draft report. The only thing it seeks to add is the testimony of the driver that he s-aw the defendant’s garage mechanic inspect the wheels in New York. It would not save the defendant if that were in the report. The trial judge may not have believed the evidence and, if he did, he still was not obliged to accept the explanation as sufficient, particularly as the kind and extent of inspection is not stated. That petition, however, has failed on other grounds, and the judge has, after hearing, refused to amend his report.
Report dismissed.