Morton, J.
This is an action of tort to recover damages for injuries alleged to have been suffered in consequence of the falling of an electric street light globe upon the plaintiff causing the injuries complained of. The answer was a general denial.
The evidence tended to show that on August 13, 1936 there was situated on Bennington Street, East Boston, an electric light pole, or support, of a type commonly used, with a glass globe and an aluminum top affixed thereto; that on said date the glass globe fell striking the plaintiff while he was walking on the street adjacent thereto; that the defendant had control of the upkeep and maintenance of the said electric street light and appurtenances. It further appeared in evidence that the globe was affixed to the pole by screws, and the globe and screws had not been inspected since the installation thereof, a little less than four months prior to the date when the plaintiff was struck; that the bulbs are inspected every four months, and the pole and globe are observed nightly by a patrolman of the defendant who makes such observation to determine defects, if any, and to make report thereof if any such occur. It further appeared in evidence that the reason for the fall of the globe is unknown.
The plaintiff filed numerous requests for rulings raising principally the issue that the doctrine of res ipsa loquitur, hereinafter referred to as the doctrine, was applicable to *169 the case at bar. Included among the requests was one, as follows:
“2. That there is evidence to warrant the Court to find for the plaintiff. ’ ’
All these requests were denied. The court made the following specific finding:
“I find as a fact that the doctrine of res ipsa loquitur does not apply in this action. I find also that the defendant company was not negligent.”
The court found for the defendant.
We think the court was in error in his finding or ruling that the doctrine does not apply in the instant case. The application of this doctrine is obviously not free from difficulty. As was said in Copithorne v. Hardy, 173 Mass. 400 at page 402:
“the question when the rule res ipsa loquitur can be applied with safety must be considered always with reference to the special facts of the case and the teachings of experience with regard to them. General propositions and decisions upon different facts are equally useless.”
In Thomas v. Western Union Telegraph Co., 100 Mass. 156 the doctrine was applied in the case of an electric wire found swinging across a public way. In that case the poles maintained by the defendant were situated within the public way and, in applying the doctrine, the court said at page 157:
“the fact that a telegraph wire is found swinging across a public way, at such a height as to obstruct and endanger ordinary travel, is in itself, unexplained and unaccounted for, some evidence of neglect on the part of the company whose duty it is to keep it in a proper and safe position, and should have been submitted to the jury. ”
*170 In Gilchrist v. Boston Elevated Ry. Co., 272 Mass. 346 injuries were suffered by the plaintiff in consequence of the derailment of a car of the defendant at a switch. There was conflicting evidence as to the presence of a bolt in the switch. With regard to the application of the doctrine, the court says at page 351:
“If, as the jury could have found, the bolt was not in the switch at the time of the accident, a case is presented in which the doctrine of res ipsa loquitur is particularly applicable. . . . Cases holding that the doctrine of res ipsa loquitur does not apply are cases where the accident might have occurred despite due care of the defendant and where, therefore, the de- ' fendant’s fault could not properly be inferred from the accident itself.”
The cases above cited are peculiarly applicable to the situation in the case at bar and especially in view of the contention of the defendant that the globe might have fallen “because of a push or the throwing of some missile by an impulsive or mischievous youth. ’ ’ In the Western Union case above cited the wire might have been disconnected by a high wind or by mischievous boys, and in the Elevated case it must be obvious that a switch of a car track is as likely to be tampered with by an impulsive or mischievous boy as is an electric light globe to be pushed or knocked down by a missile.
As was said in Wilson v. Colonial Air Transport, Inc., 278 Mass. 420 at p. 425:
“The principle of res ipsa loquitur only applies where the direct cause of the accident and so much of the surrounding circumstances as were essential to its occurrence were within the sole control of the defendants or of their servants.”
In Hunt v. Lane Brothers Co., 1936 A. S. 1367 the court says at page 1372:
*171 “The uncontradicted facts warranted a finding that objects such as glass do not ordinarily fall from buildings upon travellers on the highway if due supervision is exercised by those in charge of the building, and the fact that such objects fell was sufficient evidence to establish a lack of due care where the defendant offered no adequate explanation which proved or tended to prove that the defendant was not lacking in due care.”
Applying the language quoted in the last two citations to the instant case it would appear that the direct cause of the accident and the surrounding circumstances essential to its occurrence were within the sole control of the defendant. It further appears that an object, such as an electric light bulb or globe, would not fall upon travellers on the highway if proper supervision had been exercised by those in charge thereof, and its fall was sufficient evidence to establish a lack of due care where no adequate explanation was offered which tended to prove due care on the part of the defendant.
In view of the authorities cited we think that the doctrine is applicable in the instant case.
The defendant contends that, even if the doctrine applies, the fact finding tribunal is not obliged to infer negligence. This contention is sound. In Wilson v. Colonial Air Transport, Inc. above cited, the court says at page 425:
“It is to be noted that the presumption raised in favor of the plaintiff by the application of the doctrine, res ipsa loquitur, is one of evidence and not of substance, and that the burden of proof remains during the trial upon the plaintiff. Carroll v. Boston Elevated Railway, 200 Mass. 527, 536. Gilchrist v. Boston Elevated Railway, 272 Mass. 346, 351-352.”
The further contention of the defendant, however, that, having found as a fact that the doctrine is not applicable, the facts have been “resolved against the plaintiff” is not sound.. The doctrine of res ipsa loquitur allows the fact *172 finding tribunal to infer negligence from the occurrence of the accident itself. In the instant case the trial court, by holding or ruling that the doctrine was inapplicable, precluded himself from inferring negligence from the mere fact of the fall of the globe. This, we think, was error prejudicial to the rights of the plaintiff. The doctrine was applicable to the situation in the case at bar, and it was, therefore, for the trial court to say whether he would infer that the defendant was negligent from the mere fact of the falling of the globe.
In view of what we have said, an entry will be made granting a new trial upon the merits.