Pettingell, J.
The plaintiff, the owner of a building, contracted with the defendant to remove the paint from the exterior of the building, preparatory to painting it. It was understood and agreed by both parties that the paint was to be removed by the use of gasoline blow-torches. The defendant, while using the blow-torches, provided water buckets and hose with the water turned on for use in the event that the blow-torches caused a fire.
While the work was going on a fire did start “at or near that portion of the building where the blow-pipe was applied”, causing damage to personal property of the plain *375 tiff. 1 £ There was evidence that at the time the fire was discovered and during the morning before, the occupants of the house on both floors had not been using any heat, electrical devices or anything else which would cause fire in the front of the house where the fire occurred.”
There was evidence, also, that it was possible to use a blow-torch to remove paint from a wooden surf ace'without igniting the wood. The trial judge found as fact that the “blow-pipe” caused the fire. No request for a ruling raised the issue of the sufficiency of the evidence to warrant such a finding. Reid v. Doherty, 273 Mass. 388, at 389, 390. Boston Continental National Bank v. Hub Fruit Co., 285 Mass. 187, at 189. Spencer v. Burakiewicz, 288 Mass. 83, at 85. Leshefsky v. American Employers Ins. Co., 293 Mass. 164, at 166, 167. The finding must stand, therefore, as a vital element of the case and of its disposition.
The plaintiff filed six requests for rulings, as follows :
1. ' The evidence warrants a finding for the plaintiff. 2. The doctrine of res ipso loquitur is applicable to the evidence in this case. 3. The doctrine of res ipso loquitur applies when the circumstances are such as to afford a reasonable inference that according to ordinary experience the mishap would not have happened, except for the negligence of the defendant. 4. Fire is a dangerous instrumentality and requires more care in its use than a less dangerous instrument. 5. On the evidence in this case an inference is justified that the fire was caused by the negligence of the defendant or of persons for whom the defendant is legally responsible. 6. If the Court finds that the fire was caused by a use of a blow-torch which was within the sole control and management of the defendant or his employees and which was being used at the time with the approval of the defendant, then such conduct is prima facie evidence of the defendant’s negligence.”
*376 The trial judge made the following “Finding of Court” in which the foregoing requests for rulings are disposed of:
“The defendant is a master painter of long standing in the City of Peabody. The defendant was given the job of painting plaintiff’s house and in his judgment it became necessary to use a blow-pipe, or blow-torch, so .called, to do the job properly. Defendant complied with the preliminary requirement in such cases of notifying the plaintiff owner that the use of a blowpipe would be necessary and that he should notify his insurance company or companies of that fact.
“In the course of the blow-pipe job a fire broke out at or near that portion of the building where the blow-pipe was applied. The fire destroyed certain pieces of personal property belonging to the plaintiff, such as curtains, draperies, carpets and what not, all of which I find amounted to three hundred and fifty ($350.00).
“In the course of an investigation required of him by law after the fire the Chief of the Peabody Fire Department discovered and made a finding that the blowpipe had caused the fire and I so found.
“No evidence was submitted to me that the servants of defendants (sic) failed to exercise the care required of them in the circumstances; and I could not find that the defendant or his servants were negligent (sic) unless the rule of Res Ipsa Loquitur applied. I instructed myself that the Rule did not appertain in the premises and found and find for the defendant.
“The defendant submitted Requests for Rulings of law which I deem to be waived.
“Plaintiff’s requests are ruled upon as follows: 1. Denied as not conformable with facts found by me nor with the instructions given myself concerning the principle of Res Ipsa Loquitur stated above. 2. Denied. 3. Denied as not conformable with facts or law found by me. 4. Allowed. 5. Denied as not conformable with facts found by me, the principal (sic) of Res Ipsa Loquitur not appertaining. 6. Denied as not conformable with facts found! @r with the law appertainable in the premises.”'
*377 The facts specifically found by the trial judge present a case where the employees of a contractor, using a blowtorch in removing paint from a building, set the building on fire, there being evidence that paint can be removed in that way without that result. No explanation is offered by the defendant to meet these facts or to explain the cause of the fire.
The trial judge ruled specifically that the principle of res ipso loquitur does not apply to this situation and made that ruling the basis of his denial of four of the rulings requested by the plaintiff.
The contention of the defendant, at the oral argument, before this Division, was based upon the theory that, to make the rule of res ipso loquitur applicable, there must be direct evidence of negligence. “The mere causing of the fire due to the use of a blow-torch is not evidence of negligence itself but the defendant must show negligence in the use thereof resulting in the damage alleged in order to recover.” Such is not the law.
“Res ipso loquitur, — which is merely a short way of saying that, so far as the court can see, the jury from their experience as men of the world may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that therefore there is a presumption of fact, in the absence of explanation or other evidence which the jury believe, that it happened in consequence of negligence in this case.” Holmes, J. in Graham v. Badger, 164 Mass. 42, at 47.
The doctrine “arises only ‘in the absence of explanation or other evidence which the jury believe’ as a rational inference that a certain event does not commonly happen except by negligence.” Cook v. Newhall, 213 Mass. 392, at 395.
*378 “As average men drawn from the body of the community, the jury might infer that this particular kind of accident usually does not happen except in consequence of negligence, and that therefore it did happen in this instance from the negligence of the defendant in the absence of some countervailing explanation.” St. Louis v. Bay State St. Ry. Co., 216 Mass. 255, at 257.
It is true, as contended by the defendant, that the burden of proof remains on the plaintiff to show negligence, even where the rule of res ipso loquitur applies, Reardon v. Boston Elevated Ry., 247 Mass. 124; but the rule raises a presumption in favor of the plaintiff, a presumption of evidence, which, in the absence of any satisfactory explanation by the defendant is enough to sustain the plaintiff’s burden of proof. Wilson v. Colonial Air Transport Inc., 278 Mass. 420, at 425. The rule creates “not a prima facie case, but one where, in the absence of explanation the inference of negligence from the happening of the accident is warranted.” McNamara v. Boston & Maine Railroad, 202 Mass. 491, at 496. Carrett v. McDonough, Mass Adv. Sh. (1937) 349, at 351. Such an inference, uncontradicted, or not overcome by other evidence, is enough evidence of negligence to warrant a finding of negligence. St. Louis v. Bay State St. Ry. Co., 216 Mass. 255, at 257. Garrett v. McDonough, Mass. Adv. Sh. (1937) 349, at 351, 352. Roscigno v. Colonial Beacon Oil Co., 294 Mass. 234, at 235.
In the case at bar, the defendant was performing work which required care, so much care that he provided buckets, and hose with the water turned on, against such a contingency as actually happened. The care which he was called upon to exercise was that of a reasonable man under the particular circumstances. A fire occurred, caused, so the trial judge found, by the blow-torch of the defendant. There is here no uncertainty as to the actual cause of the fire for *379 the cause is definitely found by the trial judge to be the defendant’s blow-torch, which, according to evidence in the case, could be so used that no fire to the building would result.
Here is an instrumentality, wholly and completely in the control of the defendant, and capable of being used without injury, which, nevertheles, causes injury. Under these circumstances, in the absence of any explanation from the defendant, the trial judge could have found from his own common knowledge that the mere occurrence of the accident showed negligence as a cause. “The inference was permissible that an accident of this nature does not happen according to common experience without negligence of the person in control of the object * * Cushing v. Jolles, 292 Mass. 72, at 74.
Instead of granting the plaintiff’s 2d request and then submitting the case to himself for consideration with that instruction as a part of it, the trial judge ruled that the principle of rés ipso loquitur has no application to these facts. He thus made his finding without regard to any inferences which he was entitled to draw from the evidence as it rested when the defendant failed to offer any explanation. From his statement, “No evidence was submitted to me that the servants of the defendants (sic) failed to exercise the care required of them in the circumstances and I could not find that the defendant or his servants were negligent unless the rule of Res Ipsa Loquitur applied”, it is apparent that the trial judge was basing his finding upon the principle contended for in this Division by the defendant, that the plaintiff must offer specific evidence of negligent acts in order to recover, no attention being paid to any inference or presumption.
“Presumptions of fact, or those general propositions of experience which form the major premises of particular *380 conclusions of this sort, are for the jury. The court ordinarily confines itself, to considering whether it can say that there is no such presumption, or, in other words, that such accidents commonly are not due to negligence.” Graham v. Badger, 164 Mass. 42, at 47.
The trial judge, therefore, clearly ruled that such accidents as the one appearing here, without explanation, commonly are not due to negligence. In his capacity as judge, he thus ruled that, as jury, he could not consider any presumption or inference raised by the evidence before him. This we believe was prejudicial error.
The finding for the defendant is to be vacated and the case is to stand for a new trial.