*Northern District*

No. 4815

## GORDON F. LEGG
### v.
## SHELL OIL COMPANY

(June 8, 1955)

Frederick A. Crafts, Sp. Justice

*Gadsby, P. J.* This is an action of tort in which the plaintiff, an employee of the defendant, seeks to recover for *property damage* sustained on or about September 1, 1953, while parked at 313 Waverly Oaks Road in Waltham, Massachusetts, allegedly as a result of the negligence of the defendant, its agents or servants in respect to paint-spraying operations then being conducted on the defendant's premises.

The defendant's answer contained a general denial and set up the defense of contributory negligence, assumption of risk and negligence of a fellow servant.

There was evidence tending to show that on the morning of September 1, 1953, the plaintiff, a clerk in the defendant's maintenance department, drove up to the parking lot on the defendant's premises and adjoining the main building on said premises; that for a period of a week to ten days preceding that date the defendant had kept posted on the main bulletin board in said building a notice warning all employees that spray painting was being done on the tanks adjoining the main building, admonishing them not to park their cars in the usual parking lot and designating an area further away from the tank as a parking area while the paint-spraying operations were in progress; that the plaintiff had seen this notice; that at the request of the defendant, through an employee, the plaintiff was approximately 1000 yards from the tank which was then being painted; that the car was unmarked when he left it that morning but that, when he returned from work at about 4:30 that afternoon, it was covered with white spots; that the tanks on that day were being painted by the spray method with white paint by employees of the defendant; that there had been gusts of high wind intermittently throughout the morning of that day.

At the close of the trial and before the final arguments, the defendant made the following requests for rulings:

1. The evidence does not warrant a finding that the defendant, its servants and agents, were negligent.

2. The evidence does not warrant a finding other than that it is no more probable that the alleged damage arose from a cause for which the defendant would be responsible than from one for which it would not be liable.

3. The plaintiff voluntarily assumed the risk of the alleged damage.

4. Apart from statute, an employee cannot recover from his employer for harm caused by the negligence of a fellow servant where the employer was not negligent in his selection.

5. If the Court finds that the alleged damage arose out of the negligence of the defendant's employees, the plaintiff cannot recover.

6. The evidence does not warrant a finding other than that the acts complained of were performed by an employee or employees of the defendant.

The Court, (*Crafts, J.*) granted the requests numbered 4 and 6.

And denied requests numbered 1, 2, 3 and 5.

And entered a general finding for the plaintiff.

The defendant claims to be aggrieved by such denials and the finding.

The rule *res ipsa loquitur,* merely permits the judge, if he sees fit, in the absence of a specific finding of the cause of the occurrence to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent. *Graham v. Badger,* 164 Mass. 42; *Gilchrist v. Boston El. Ry.,* 272 Mass. 346, 351.

The Court in *Bosigno v. Colonial Beacon Oil Co.,* 294 Mass. 234 at 235, set forth the following principle that, "In order to make applicable the rule *res ipsa loquitur,* the tribunal of fact must be able to find, either by expert evidence, or by its own common knowledge that the mere occurrence of the accident shows negligence as a cause."

There was no specific finding of facts made by the trial judge. There was no evidence of any expert testimony, nor does it appear that the judge could rightly rule that the mere occurrence of the accident showed negligence as a cause.

The spraying operations had been in progress for a period from a week to ten days before the present accident. There was no evidence that similar damage occurred within that interval which would have put the defendant on notice. There is evidence of high winds on the day in question. For all that appears,

the act could have been attributed to an act of God as much as to any negligent conduct on the part of the defendant. There is no evidence as to when the high winds occurred so that the defendant might have been put on notice so that it would constitute negligence to spray under the circumstances.

It is conceded that the defendant had exclusive control of the spraying machine and it is further conceded that it was paint from said machine that landed on plaintiff's car, but we are of opinion that more than that is required. We do not feel that the mere occurrence of the accident under the circumstances above related showed negligence on the part of the defendant.

It is therefore not necessary to discuss the fellow servant rule since the finding of no negligence on the part of the defendant requires the action of the trial judge to be reversed.

It would seem therefore that the trial Court erred in the denial of the defendant's request number 1 and the *finding for the plaintiff is vacated and a finding is ordered for the defendant*.

Robert H. Arnold, for the plaintiff.

Badger, Pratt, Doyle & Badger, for the defendant.