### ELLEN T. O'NEIL *vs.* MICHAEL M. TOOMEY.

Essex.    May 18, 1914. — June 16, 1914.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Evidence,* Matters of common knowledge, Presumptions and burden of proof. *Negligence, Res ipsa loquitur.*

It is a matter of common knowledge, of which the court takes judicial cognizance, that ice is a hard, brittle and slippery substance, and that a cake of it when being carried is likely to fall and break unless handled carefully.

Where it appears in evidence that a cake of ice, when being carried by a retail ice dealer with ice tongs over his shoulder through the doorway of a kitchen for delivery to a customer, fell to the floor and injured the customer, and where the cause of the fall is not explained, a jury can find that the accident would not have occurred without fault on the part of the defendant and may infer negligence from its happening.

CROSBY, J.    The defendant, who was a retail ice dealer, carried a cake of ice into the plaintiff's kitchen for the purpose of leaving it in an ice chest, when it fell, striking the plaintiff's hand and causing the injuries for which this action was brought. The ice, which the defendant held with ice tongs in his right hand over his right shoulder, weighed about fifty pounds and was carried on his back. In delivering the ice he passed through a screen door which opened into an enclosed porch, and thence through the kitchen door into the kitchen. The porch door opened outward; the kitchen door opened inward and swung to the left of a person entering from the porch into the kitchen. The

only witnesses who testified at the trial were the plaintiff and the defendant.

The plaintiff testified that when the defendant came to deliver the ice the screen door was closed and the kitchen or inner door was open; that she "had been inside the house some minutes before the defendant came, and was seated on a chair close to the wall of the kitchen, and about two or three feet from the edge of the kitchen door as it stood open;" that she "was stooping forward in the act of removing a rubber from her right foot;" and that "as the defendant entered the kitchen the cake of ice struck something that sounded like wood and was knocked from the defendant's back and fell upon . . . [her] hand, badly crushing it."

The defendant testified that when he went to the house the plaintiff was ahead of him, coming out of the garden; that both doors were closed; that the plaintiff preceded him into the house and opened both the screen door and the kitchen door, and that when she was struck by the cake of ice she was sitting in a chair in the kitchen; that as he passed into the porch he held the screen door open with his left hand, and as he was passing through the doorway into the kitchen the door "come to and hit this ice and she was seated in the chair someway there, and the door knocked the ice out of the tongs and hit the floor and hit her hand some way, I don't know how." The defendant also testified that the plaintiff asked him how the ice slipped, and that he told her "that she let the door hit the ice."

The jury viewed the plaintiff's house. "It was agreed that the things seen by them should be affirmative evidence." The presiding judge * ordered a verdict for the defendant upon the ground that there was not sufficient evidence to authorize a finding that the defendant was negligent. The plaintiff excepted to this ruling, which presents the only question before us.

. The defendant's story as to the cause of the accident, if believed by the jury, would have warranted the ruling made. Still the jury might not have believed it, and, considering all the evidence, including the proper and reasonable inferences to be drawn therefrom, they might have found, as testified to by the plaintiff, that when the defendant entered the house the screen

---

* *Hitchcock*, J.

door was closed, that the kitchen or inner door was open, and that the plaintiff "had been inside the house some minutes before the defendant came."

In view of this testimony the jury also might have found that the plaintiff did not open the kitchen door for the defendant, and that in entering the kitchen the defendant carelessly allowed the ice to strike the door jamb, or to come in contact with the door. It is a matter of common knowledge that ice is a hard, brittle and slippery substance, and is liable to break and fall in carrying unless handled carefully.

If the precise cause of the fall was unexplained, yet the jury could have found from their experience as men of the world with a knowledge of ordinary affairs, that such an accident commonly does not happen unless cakes of ice are carelessly handled.

If the accident was not explained, a finding would have been warranted that in ordinary experience it would not have occurred without fault on the part of the defendant. The doctrine of *res ipsa loquitur* applies in the case of an unexplained accident which, in the ordinary experience of mankind, would not have happened without fault on the part of the defendant. In such a case negligence may be inferred from the happening of the accident. *Manning* v. *West End Street Railway,* 166 Mass. 230, 231. *Beattie* v. *Boston Elevated Railway,* 201 Mass. 3. *McNamara* v. *Boston & Maine Railroad,* 202 Mass. 491.

In *Kaples* v. *Orth,* 61 Wis. 531, the plaintiff was sitting on a stairway when a servant of the defendant, an ice dealer, carrying a cake of ice dropped it upon the plaintiff's hand. It was held that negligence might be inferred from the happening of the accident.

While the case is close we are of opinion that a verdict should not have been ordered for the defendant, but that the question of liability was for the jury.

*Exceptions sustained.*

The case was submitted on briefs.

*R. E. Burke & E. E. Crawshaw,* for the plaintiff.

*E. I. Taylor & J. W. Britton,* for the defendant.