WALTER WILSON *vs.* COLONIAL AIR TRANSPORT, INCORPORATED.

Suffolk.     November 4, 1931. — March 11, 1932.

Present: RUGG, C.J., PIERCE, WAIT, SANDERSON, & FIELD, JJ.

*Negligence*, Res ipsa loquitur, Aircraft. *Aircraft. Evidence*, Presumptions and burden of proof, Judicial notice.

At the hearing in a municipal court of an action of tort to recover the value of clothing and personal effects worn by and on the person of the plaintiff when a trimotored airplane, operated by an employee of the defendant, a private carrier, made a nose dive into a body of water shortly after taking off for a journey upon which the plaintiff was a passenger for hire of the defendant, the plaintiff testified in substance to backfiring of the right wing motor and irregular "revving" as the plane was being taxied to position to take off; and that, shortly after it took off, the right wing motor went dead and the accident happened. There was evidence for the defendant that the operator on the same day had driven the plane from New York to Boston and on arriving at Boston had turned it over to inspectors and had received it back shortly before he took off. The record disclosed no evidence showing by whom the plane was inspected or by whom the inspectors were employed. There was evidence for the de-

fendant that, when the plane took off, it went normally. The judge found that the defendant was not negligent in the management or operation of the plane; that previous to the flight the defendant's pilot tested the plane and found it in good working order; and found for the defendant. The Appellate Division ordered a report dismissed. The plaintiff appealed. *Held,* that

(1) The findings by the judge imported that the judge disbelieved the testimony of the plaintiff above described;

(2) In the circumstances no error was shown in the denial of a request for a ruling that the testimony of the plaintiff as to how the accident occurred constituted a case to which the doctrine *res ipsa loquitur* applied;

(3) In the circumstances, the doctrine *res ipsa loquitur* did not apply;

(4) No error was shown.

The principle, *res ipsa loquitur*, applies only where the direct cause of the accident and so much of the surrounding circumstances as were essential to its occurrence were within the sole control of the defendant or of his servants.

The doctrine, *res ipsa loquitur*, does not apply in any instance when the agency causing the accident is not under the sole and exclusive control of the person sought to be charged with the injury.

There is at present no common knowledge of which courts can take cognizance concerning the customs or usual practice of air transport companies as to operation, inspection and repair of their airplanes.

TORT. Writ in the Municipal Court of the City of Boston dated January 15, 1931.

The action was heard in the Municipal Court by *Adlow,* J. Material evidence before him and rulings made and facts found by him, are described in the opinion. There was a finding for the defendant. A report to the Appellate Division was ordered dismissed. The plaintiff appealed.

*J. D. Graham & G. B. Rittenberg,* for the plaintiff, submitted a brief.

*J. J. Mulcahy,* (*M. K. Campbell* with him,) for the defendant.

PIERCE, J. This is an action of tort to recover the value of clothing and personal effects worn by, and on the person of, the plaintiff at the time of the accident hereinafter described. The case comes before this court on appeal by the plaintiff from the decision of the Appellate Division of the Municipal Court of the City of Boston dismissing the report.

The plaintiff testified that he was a passenger for hire in a trimotored plane, one of the airships of the defendant, on June 5, 1929, which was scheduled to leave the Boston airport at 1:30 P.M.; that prior to embarking on the airplane he had purchased a ticket to which his signature was affixed and which contained the following terms: "1. That the Company is a private carrier. 2. That this passage reservation is personal and individual and is not transferable. 3. That the Company reserves the right to cancel the carriage privilege represented by this reservation in its absolute discretion, subject only to the return to the holder of the deposit or payment made on account of the same. . . . 6. That the holder voluntarily assumes the ordinary risks of air transportation, and stipulates that the Company shall not be responsible save for its own neglect of duty. 7. The holder hereof has read and accepted the foregoing conditions of passage"; that he had been a passenger on this line from Boston to New York several times previous to this. He further testified that after he had entered the plane and while it taxied on the ground to the point where it was to take off, the right wing motor backfired and emitted clouds of smoke; that when the pilot "revved" the motor it was apparent to him (the witness) that the right wing motor did not revolve at the same speed as the others; that a few seconds after leaving the ground the right wing motor went dead, and the right side of the plane tipped; that he observed the pilot making frantic efforts to right the plane; that the pilot steered the plane toward the water, immediately it made a nose dive into the water, and the plaintiff lost the property for which he now sues. The plaintiff also testified as to the value of the personal property that was damaged in this accident.

The defendant offered and the trial judge received the testimony of the pilot and that of a bystander who had a pilot's license. The bystander testified that when the plane took off it went up normally, although in a few seconds it made the dip referred to in the plaintiff's testimony. The pilot testified to his handling of the machine, and further, that he had piloted the same machine on a previous trip

that day from New York to Boston, and on arriving at Boston turned it over to inspectors and received it back a few minutes before he took off. He did not testify that it was inspected; but did testify that he turned it over to the inspectors as was his custom and that it was the custom of the inspectors to inspect. The inspectors did not testify. The pilot further testified that his right motor went dead a few seconds after leaving the ground, at an altitude of ten feet; that the reason one motor was "revving" at fewer revolutions per minute than the other motors while the plane was on the ground was because the plane was being steered in that manner by him; that on leaving the ground both motors were "revving" at the same rate; that he "revved" the motor fifty seconds before taking off, and that in thirty seconds he could ascertain whether anything was wrong; that he first tested the right wing engine, next the center engine, and last the left wing engine, trying each engine on each magneto and found each engine and each magneto were in good running order and that they were in good running order at the time of the takeoff. "This was all the material evidence relating to liability."

"At the close of the trial the plaintiff duly made the following requests: 1. That the testimony of Walter Wilson as to how the accident occurred constituted a case to which the doctrine *res ipsa loquitur* applies. 2. Upon the plaintiff having proved a case to which the doctrine *res ipsa loquitur* applied, the burden of proof then rested upon the defendant to rebut the legal inference of negligence. 3. The evidence produced by the defendants in no way explained how the accident occurred. . . . 5. That the plaintiff has established a *res ipsa loquitur* case, and the defendant must explain the cause of the accident in order to rebut the presumption of negligence. 6. The evidence of the defendants went no further than to explain the conduct of the pilot. 7. That the doctrine of *res ipsa loquitur* applies to the facts of this case." The judge denied these requests but allowed the following: "4. The evidence of the defendants did not explain why one of the motors failed to function within a few seconds after leaving the ground."

The judge found the following facts: "I find that the defendant was not negligent in the management or operation of airship involved in accident. I find that prior to flight defendant's pilot tested plane and found it in good working order." There was a finding for the defendant.

The plaintiff, claiming to be aggrieved by the rulings and refusals to rule as requested, reported the case to the Appellate Division for determination.

The special facts found, coupled with the general finding for the defendant, import that the judge, as the trier of facts, disbelieved the testimony of the plaintiff that while the plane taxied on the ground to the place where it was to take off, the right wing motor backfired and emitted clouds of smoke, and that when the pilot "revved" the motor, the right wing motor did not revolve at the same speed as the other motors; and that he found, on the testimony of the bystander and of the pilot, that the plane took off normally, that both motors when the plane left the ground were "revving" at the same rate, and that the reason one motor was "revving" at fewer revolutions per minute than the other motors while the plane was on the ground was because the plane was being steered in that manner by the pilot. Assuming a finding that when the plane took off it went up normally, it would follow that the backfiring, the emission of clouds of smoke, and the fact that the right wing motor did not revolve at the same speed as the other motors when the pilot "revved" them, would fall into the domain of both adjective and substantive law, known as the assumption of risk, and would be the agreement of the plaintiff to assume the ordinary risks of air transportation.

The elimination of the facts in controversy which resulted from the finding for the defendant leaves for determination the issue whether a passenger for hire in a privately operated airplane can invoke the rule of *res ipsa loquitur* should the right wing motor go dead and the right side of the plane tip, a few seconds after leaving the ground, with the result that, though the pilot made frantic efforts to right the plane, it was steered toward the water and immediately made a nose dive into the water. It is as-

sumed that the pilot of an airplane, like the driver of an automobile, is charged with a duty toward a passenger for hire in such plane commensurate with the nature of the instrument employed and with the duty imposed on him by law. It is settled that the degree of care of a common carrier for hire is measurably greater than the law imposes on a private carrier for hire, and it would seem that proof of the facts and surrounding circumstances need only be slight in order to set up the presumptive rule of negligence and call upon the defendant for an explanation; and that in either case negligence will not be presumed from the mere happening of an accident. *DiLeo* v. *Eastern Massachusetts Street Railway*, 255 Mass. 140. The rules of law relating to the operation of aircraft, in the absence of statute, in general are rules relating to negligence and nuisance, and are not distinguishable from those which relate to the operation of vehicles, perhaps, more closely, to motor vehicles on land. In this Commonwealth at present there is no statute specifically applicable to the issue of negligence in the operation of aircraft, and the ordinary rules of negligence and due care obtain. See St. 1922, c. 534, as amended by St. 1928, c. 388.

The principle of *res ipsa loquitur* only applies where the direct cause of the accident and so much of the surrounding circumstances as were essential to its occurrence were within the sole control of the defendants or of their servants. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124. It is to be noted that the presumption raised in favor of the plaintiff by the application of the doctrine, *res ipsa loquitur*, is one of evidence and not of substance, and that the burden of proof remains during the trial upon the plaintiff. *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527, 536. *Gilchrist* v. *Boston Elevated Railway*, 272 Mass. 346, 351–352. It is also to be observed that the doctrine will not be applied if there is any other reasonable or probable cause from which it might be inferred there was no negligence at all; nor does it apply in any instance when the agency causing the accident is not under the sole and exclusive control of the person sought to be charged with the injury. *Stangy* v. *Boston*

*Elevated Railway*, 220 Mass. 414, 416. *Reardon* v. *Boston Elevated Railway*, 247 Mass. 124, 126. *DiLeo* v. *Eastern Massachusetts Street Railway*, 255 Mass. 140, 143.

There is nothing in the record to indicate by whom the airplane was inspected. It does not appear that the inspectors, to whom the pilot, according to his testimony, turned over the airplane on his arrival and from whom he received it a few minutes before he took off, were employed by the defendant. They may have been servants of an independent contractor or of one conducting an independent business, to whom as mechanics skilled in aircraft the defendant in the exercise of a high degree of care committed the inspection and repair of the airplane. There is at present no common knowledge of which courts can take cognizance concerning the customs or usual practice of air transport companies as to operation, inspection and repair of their airplanes. There must be evidence. We are not as yet, in respect to the operation, care and characteristics of aircraft, in a position where the doctrine of cases like *Ware* v. *Gay*, 11 Pick. 106, as to a stagecoach, *O'Neil* v. *Toomey*, 218 Mass. 242, as to the qualities of ice, or *Gilchrist* v. *Boston Elevated Railway*, 272 Mass. 346, as to trolley cars or steam railroad trains, can be applied. The decision of cases of that nature rests upon facts constituting a part of a widespread fund of information. No ruling of that character could be made upon the meager facts here shown. As the judge found as a fact on the evidence that the defendant was not negligent in the management or operation of the airship involved in the accident, it follows that the plaintiff was not entitled to have given any of the requests numbered 1, 2, 3, 5, 6, and 7.

The judge properly found for the defendant, and the entry "Report dismissed" must be

*Affirmed.*