MARY ROSCIGNO *vs.* COLONIAL BEACON OIL COMPANY.

Middlesex.   March 5, 1936. — April 2, 1936.

Present: RUGG, C.J., FIELD, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Res ipsa loquitur, Inflammable substance.   *Evidence*, Presumptions and burden of proof.

That oil, in a vaporizing tank in an oil storage and refining plant enclosed by a fence and not open to the public, exploded was not by itself evidence of negligence on the part of the owner.

The doctrine of *res ipsa loquitur* raises no presumption but merely permits the tribunal of fact to find either by expert evidence or by its own knowledge that the mere occurrence of the accident shows negligence as a cause.

TORT.   Writ in the Superior Court dated March 14, 1933.

The action was heard on an agreed statement of facts by *Collins*, J., without a jury.   He ruled and found for the defendant and reported the action.

The case was submitted on briefs.

*F. D. Harrigan*, for the plaintiff.

*T. H. Calhoun & E. J. Sullivan*, for the defendant.

LUMMUS, J.   On February 10, 1928, the plaintiff sustained personal injuries from the explosion of a vaporizer tank in the oil storage and refining plant of the defendant, more than a quarter of a mile away from the plaintiff's house.   The same explosion resulted in the case of *Anderson* v. *Beacon Oil Co.* 281 Mass. 108.

In the case at bar, an action of tort for alleged negligence, there was no evidence of specific negligence, and the only question is whether the rule *res ipsa loquitur* applies.   If it does, the burden of proof of negligence remains on the plaintiff (*Fitzmaurice* v. *Boston, Revere Beach & Lynn Railroad*, 256 Mass. 217, 218; *Gilchrist* v. *Boston Elevated Railway*, 272 Mass. 346, 352, 353), and the tribunal of fact is never required to conclude that there was negligence, by dint of technical presumption (*Brown* v. *Henderson*, 285 Mass. 192) or by any force of the occurrence as *prima facie* evidence within the definition of that expression in *Haun* v.

*LeGrand*, 268 Mass. 582, and *Thomes* v. *Meyer Store Inc.* 268 Mass. 587. The rule *res ipsa loquitur* merely permits the tribunal of fact, if it sees fit, in the absence of a finding of the specific cause of the occurrence (*Cook* v. *Newhall*, 213 Mass. 392, 395, *et seq.; Gilchrist* v. *Boston Elevated Railway*, 272 Mass. 346, 352, 353), to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent. *Graham* v. *Badger*, 164 Mass. 42, 47. *Poole* v. *Boston & Maine Railroad*, 216 Mass. 12, 17, 18. *Gilchrist* v. *Boston Elevated Railway*, 272 Mass. 346, 351. *Sweeney* v. *Erving*, 228 U. S. 233. *Glowacki* v. *North Western Ohio Railway & Power Co*. 116 Ohio St. 451; *S. C.* 53 Am. L. R. 1486, and note. *Winslow* v. *Tibbetts*, 131 Maine, 318, 322. Compare *Carroll* v. *Boston Elevated Railway*, 200 Mass. 527.

The plant was enclosed by a fence, and was not open to the public. This exclusiveness of control satisfies one requirement of the rule. *McNamara* v. *Boston & Maine Railroad*, 202 Mass. 491, 499. *Wilson* v. *Colonial Air Transport, Inc.* 278 Mass. 420, 425. *Lynch* v. *New York, New Haven & Hartford Railroad, ante*, 152. The process employed by the defendant was patented, had been in use since 1920, and in one hundred sixty-seven plants throughout the world had resulted in no other explosion.

In 1890 it was held in New York that the rule *res ipsa loquitur* could not be applied to an explosion in an oil refinery. *Cosulich* v. *Standard Oil Co. of New York*, 122 N. Y. 118. Conceivably progress in the art might have made indicative of negligence a similar explosion in 1928. *Wilson* v. *Colonial Air Transport, Inc.* 278 Mass. 420, 426. But in order to make applicable the rule *res ipsa loquitur*, the tribunal of fact must be able to find, either by expert evidence (as in *James* v. *Boston Elevated Railway*, 204 Mass. 158, 162), or by its own common knowledge (*Graham* v. *Badger*, 164 Mass. 42, 47; *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, 373; *St. Louis* v. *Bay State Street Railway*, 216 Mass. 255, 257; *Wilson* v. *Colonial Air Transport, Inc.* 278 Mass. 420, 426), that the mere occurrence of the accident shows negligence as a cause.

In the case at bar there was no such expert evidence. We think, notwithstanding *Gilroy* v. *Standard Oil Co.* 107 N. J. L. 170, that common knowledge would not warrant a finding of negligence from the mere fact of the explosion. The ruling in favor of the defendant was right.

*Judgment for the defendant on the finding.*