CELESTINO VOZELLA *vs.* BOSTON AND MAINE RAILROAD.

Middlesex.   May 12, 1936. — February 23, 1937.

Present: RUGG, C.J., CROSBY, DONAHUE, LUMMUS, & QUA, JJ.

*Negligence*, Railroad, Res ipsa loquitur. *Evidence*, Interrogatories, Presumptions and burden of proof. *Practice, Civil*, Interrogatories.

The mere fact, that a traveller on a public way was struck by the head of a grease cup as a railroad train passed him, was not sufficient to warrant an inference that the grease cup came from the train or was under the control of the railroad corporation, or that its striking the traveller was due to negligence of the employees of the corporation; the doctrine *res ipsa loquitur* was not applicable.

Uncontradicted answers by an adverse party to interrogatories under G. L. c. 231, § 61, *et seq.*, bind the interrogating party introducing them.

TORT.   Writ in the Superior Court dated January 24, 1932.

The action was tried before *Burns, J.*, who ordered a verdict for the defendant.   The plaintiff alleged exceptions.

*R. L. Sisk*, for the plaintiff.

*R. W. Hall*, for the defendant.

DONAHUE, J.   The plaintiff in his declaration alleges that he was struck and injured by a piece of metal which became detached from a train of the defendant while it was passing over a grade crossing.   The plaintiff, who was the only witness at the trial, testified in substance that at the time of his injury he was walking on a public highway, parallel with the railroad tracks at a grade crossing, and outside the gates which had been lowered by the crossing tender; that, while the engine of the train was passing him, he felt pain in his ankle and looking down saw a piece of iron rolling away; and that he picked it up and gave it to the crossing tender.

The plaintiff introduced in evidence certain interrogatories which he had propounded to the defendant and the answers

of the defendant thereto.  In those answers the following facts appear:  The persons operating the train and the crossing tender were employees of the defendant.  The piece of metal which the plaintiff gave to the crossing tender was "the head of a greasecup."  The engine pulling the train "carried greasecups with heads similar to but not identical with the one handed" to the crossing tender.  The crossing tender turned it over to another employee of the defendant but the defendant was unable to locate it.  There was no evidence as to the shape, size or weight of the piece of metal picked up by the plaintiff or as to the manner in which it was attachable to a greasecup.

The defendant offered no evidence except two other interrogatories propounded by the plaintiff and the answers thereto made by the defendant.  To an interrogatory as to whether the piece of metal in question came from any part of the engine or train the answer was:  "It did not." To an interrogatory requiring the defendant to state whether it knew where the piece of metal came from, the reply of the person answering the interrogatories on behalf of the defendant was:  "I have no idea where the piece of metal came from."

The trial judge directed the jury to return a verdict for the defendant, the parties stipulating that if the judge erred judgment should be entered for the plaintiff in the sum of $450 and that if there was no error judgment should be entered for the defendant.

The plaintiff alleges in his declaration and here contends that the piece of metal which struck him had been a part of and had become detached from the train as it went by him.  His own testimony taken by itself does not go far enough to warrant that conclusion.  Assuming that his testimony justified an inference that the piece of metal had been put in motion by the train just before it struck him, the further inference that it had been a part of the train is not warranted by the plaintiff's own testimony.  It might have come upon the track earlier and have been driven against the plaintiff by the train as it passed him.

From the defendant's answers to interrogatories which

were put in evidence by the plaintiff, the fact appears that the greasecup heads with which the engine was equipped were not identical with the greasecup head that struck the plaintiff.   There was no evidence contradicting that fact. The fact of the accident was not such a contradiction. *Minihan* v. *Boston Elevated Railway*, 197 Mass. 367, 373. The fact above stated appearing in the defendant's answer, which was put in evidence by the plaintiff and not contradicted by other evidence, must be taken as true and as binding on the plaintiff.   *Bell Cab Co*. v. *New York, New Haven & Hartford Railroad*, 293 Mass. 334.   *Cuscuna* v. *Rood*, 289 Mass. 213.   *Slamin* v. *New York, New Haven & Hartford Railroad*, 282 Mass. 590.   The binding fact that the heads of the greasecups on the engine were not identical with the one which injured the plaintiff tends to negative and not to support an inference that the latter head came from the engine.   The evidence in the case does not afford a basis for such an inference.

The plaintiff contends that the mere fact of the occurrence of the accident might be found by a jury to furnish evidence of the defendant's negligence.   There being no basis for a finding that the head of the greasecup in question came from the defendant's train and there being nothing to indicate how it came to be in the vicinity of the crossing, sole control of it by the defendant before it was set in motion was not shown.   In order that the principle of *res ipsa loquitur* be applicable, an agency or instrumentality causing an accident and the essential surrounding circumstances must be within the sole control of the defendant.   *Wilson* v. *Colonial Air Transport, Inc.* 278 Mass. 420, 425.

For that principle to be applied it is also necessary that a reasonable inference may be drawn from the happening of an accident that it would not have occurred unless some negligence of the defendant was its cause.   *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235, and cases cited. We do not think that such an inference is warranted by the evidence in the present case.   For all that appears the greasecup head might have come upon the track without negligence

on the part of the defendant and without such negligence have been set in motion by the train.

The judge did not err in directing a verdict for the defendant, and in accordance with the terms of the stipulation of the parties judgment must be entered for the defendant.

*So ordered.*