Estes, P. J.
Action of tort for damages to a house alleged to have been caused by the negligent unloading of iron pipes. Answer, general denial, contributory negligence and assumption of the risk.
On the evidence most favorable to the defendant, (Laroche vs. Singsen, 281 Mass. 369), the Court could find that the defendant unloaded iron pipes, which were 34 feet long, 4 feet in diameter and weighed 9780 pounds each, from a truck which was 17 feet long and stood 44 inches from the ground, with a trailer about 10 feet long attached. One pipe at a time was carried. It was loaded onto the truck by an electric crane. To unload the defendant placed a “6-inch board” on the ground about 10 feet from the side of the truck, and off from the 6-inch board he placed a “2-inch board” on the ground. On the 6-inch board he put 3 bags full of burlap and other waster- *128 material. Each bag weighed “between 50 to 100' pounds”. On top of these bags, nearer to the truck, he placed 2 more similar burlap hags, and on those one similar bag. The top of the last bag “was supposed to lie level with the floor of his truck and the trailer”. He then released the pipe and rolled it from the truck and trailer onto the top bag, and the pipe rolled onto the two below, and then onto the three below them, and came to rest on the 2-inch board. This was the method he had used for twelve years. On the day in question nothing of unusual occurrence was noticed by him when he unloaded the pipe. He worked alone and the pipe could not be stopped once it started rolling, until it came to the boards on the ground, although, in its descent it stopped, or almost stopped, on each tier of bags. There was evidence that the plaintiff’s house was damaged. The alleged damage consisted of cracked ceilings and walls, etc. An architect, who qualified as an expert, testified, however, that he inspected the premises and that the cracks were not of recent origin, and could not have been caused from external means, “but were from natural and usual causes as a result of the type of material used in the ceilings and walls.”
There was evidence, also, that the method of unloading used by the defendant was. the usual way, and" an expert engineer testified that the pipes, as unloaded, could not cause sufficient vibration to cause the alleged damage.
The-plaintiff filed seven “requests for rulings of law”. The Court denied them all, but as to.the second he said, “I find and rule that the-pipes were unloaded by the defendant, his servants and agents, in front of the plaintiff’s house and were in the exclusive control and management of the defendant. I.deny so much of the request which states that some defect in the unloading of the pipes caused the damage to the plaintiff’s house”. As to the fourth he said, “Request denied so far as it concerns the conduct *129 of the defendant”, and as to the seventh he said, “Denied. I rule that this action does not call for an application of the doctrine of res ipso loquitur”.
The requests numbered 2 to 6 inclusive, contain requests for findings of facts, which the court was not obliged to give, although in disposing of them he refused to make a finding that the defendant, was negligent, or that some defect in unloading the pipes caused the damage. If there was any error in denying the first request, it was cured by language used in denying the second and fourth, unless he ¿rred in his denial of the seventh.
This was practically conceded in the oral argument of the plaintiff, and we feel that that request leaves the only issue to be decided.
While there was evidence that, at the time the pipes were unloaded, the “whole house trembled” and plaster fell, the Court may not have believed such testimony, (Adams vs. Dick, 226 Mass. 46-52, DeFrancisco vs. Heath, 306 Mass. 527, Weiner vs. Eggleston Amusement Co., 293 Mass. 83), but did believe the evidence of the architect and engineer.
The denial of the plaintiff’s requests and the general finding for the defendant imports the inference that the Court found the defendant was not negligent, and there was evidence on which such a finding could reasonably be made (O’Toole vs. Magoon, 295 Mass. 527, and see Hogan vs. Whitmore, 278 Mass. 573.).
As was conceded by the plaintiff in the oral argument, the denial of the first request was error only if the doctrine of res ipso loquitur should have been applied. The plaintiff argues that a conclusion had to be reached that some one was negligent. In view of the refusal of the Court to rule that the defendant was negligent or that some defect in unloading the pipes caused the damage, and since there was evidence to justify such a refusal, even to the extent that the damage was not caused by the unloading, whether or not they were carelessly unloaded, but came from some *130 other cause, we think the Court was not obliged to draw an inference of negligence and apply the doctrine of res ipso loqidtur.
The unloading was by an approved method, and had been used by the defendant for many years without the results complained of, and the Court was not obliged to believe the evidence that the damage occurred from that cause, or in the way the plaintiff testified. If he did not believe such testimony, but did believe it came from other causes not connected with the unloading of the pipes, as the denial of the requests and the general finding indicate, he could not reasonably infer that the damage would “not have occurred without negligence on the part of the defendant”. Thomas vs. Boston Elevated Railway Co., 193 Mass. 438; Walker vs. Benz Kid Co., 279 Mass. 633; Voggella vs. B. & M. R. R., 296 Mass. 491; Rogers vs. Dalton, 298, Mass. 148.
The burden of the proof of negligence is on the plaintiff. Wilson vs. Colonial Air Transport, Inc., 278 Mass. 420. The doctrine of res ipso, loquitur merely permits the Court “to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent”. Roscigno vs. Colonial Beacon Oil Co., 294 Mass. 234, and the doctrine does not apply “if there is any other reasonable or probably cause from which it might be inferred that there was no negligence at all”. Wilson vs. Colonial Air Transport, Inc., 278 Mass. 420:
It might have been preferable for the Court to make written findings, but in view of (1) the statements made in denying the requests, (2) the evidence favorable to the defendant, and (3) the general finding for the defendant, we think the Court has shown that he rightly instructed himself, and no harmful or reversible error appears. The order is, therefore,
Report Dismissed.