Keniston, G. J.
The plaintiff seeks to recover for injuries sustained by being struck by a piece of metal which came from apparatus being used by the defendant in raising a disabled truck. The plaintiff was standing on the sidewalk watching the defendant and in the exercise of due care.
*73 There was evidence from which the court could have found the following facts:
The defendant backed a wrecking truck in front of a disabled truck. The truck was equipped for lifting and towing disabled cars with a winch, steel cable and chain. There was an eye bolt at the end of the cable. The defendant used a chain and a U bolt to attach the cable to the disabled truck instead of a snatch block as the only snatch block his employer had was out of repair. The U bolt was suitable for the purpose. It had been used previously to lift heavier trucks than this disabled truck and had been used the night before to lift a truck as large as this one. The U bolt was in good condition so far as the defendant could see. It consisted of a steel bar about % inch in diameter, which had been bent in the shape of a IT. One end was circular in form with a hole about % inch in diameter, and the other end was also circular in form with a hole which had been threaded. A bolt went through the hole on one end of the IT bolt and was screwed into the threaded hole on the other end of the U bolt. The defendant swung a chain around the chassis of the disabled truck ■back of the bumper and fastened the end links of the chain to the eye bolt at the end of the cable with the U bolt. He then started hoisting the disabled truck in a slow manner as he had done before. As soon as the strain was put on the cable and the truck started to lift, the U bolt snapped, the cable ends and the eye bolt on the cable slipped out of the U bolt and a piece of metal from the broken U bolt flew and hit the plaintiff.
The court found for the defendant.
The plaintiff filed twenty-two requests of which the court denied ten upon which this appeal is brought. Except for the ruling upon request No. 22, the plaintiff raises only one *74 ■question in his brief and argument. He contends that the rule of res ipso loquitur applies and that its application requires a finding for the plaintiff.
The court has applied the principle of res ipso loquitur by ruling, upon plaintiff’s request No. 1, that there was sufficient evidence to warrant a finding for the plaintiff but, having done so, it does not follow that a finding of fact for the plaintiff was required.
“ The rule of res ipso loquitur merely permits the tribunal of fact, if it sees fit, in the absence of a finding of the specific cause of the occurrence to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent.” Roscigno v. Colonial Beacon Oil Co., 294 Mass. 234, 235.
In none of the cases cited by the plaintiff nor in any cases that have come to our attention has it been held that the application of the rule requires a finding of negligence. White v. Boston & Albany R. R., 144 Mass. 404. Cushing v. Smith Iron Co., 194 Mass. 310. Doherty v. Booth, 200 Mass. 522. Cleary v. Cavanaugh, 219 Mass. 281. Hebblethwaite v. Old Colony St. Railway, 192 Mass. 295. Carrett v. M. McDonough Co., 297 Mass. 58. Pinney v. Hall, 156 Mass. 225. Griffin v. Boston & Albany R. R., 148 Mass. 143. O’Neil v. Toomey, 218 Mass. 242. Hull v. Berkshire St. Ry., 217 Mass. 361. McNamara v. Boston & Maine R. R., 202 Mass. 491. See Roscigno v. Colonial Beacon Oil Co., 294 Mass. 234, 235 and cases cited.
The plaintiff’s request No. 22 is that “The court can 'find that the defendant was negligent from the mere fact that the bolt snapped.” The court’s ruling on this request was: “Denied, because I don’t find the bolt snapped. I find the shackle broke at its curved part and that the bolt held properly. If any inference is to be drawn it would be that *75 the metal crystalized.” We assume the court used the word “shackle” as referring to the TJ bolt and the word “bolt” as referring to the bolt joining the two ends of the ■U bolt or shackle. The plaintiff contends that there was error in this ruling because the court drew an inference as to the cause of the accident from his own experience and knowledge unsupported by evidence.
The request was properly denied because it is premised upon a fact which was not found by the court and which the court was not required to find. The court does not find that the metal crystallized, it merely states that “if any inference is to be drawn it would be that the metal crystallized.” No inference of fact was required. Moreover, we do not think it could be ruled as a matter of law that such an inference of fact would be so unusual or of such a specialized nature that it was not permissible for the court to draw such an inference from its own knowledge and experience without the aid of direct evidence. Commonwealth v. Pear, 183 Mass. 242, 245. Commonwealth v. Marzynski, 149 Mass. 68, 72. Chartier v. Barre Wool Combing Co., 229 Mass. 153, 156. Johnson v. Atlantic Coastline Ry. Co., (S. C.) 99 S. E. 755. See Semorjian v. Stetson, 284 Mass. 510, 514. Mady v. Holy Trinity Roman Catholic Polish Church, 223 Mass. 23, 26. Furthermore, the inference if drawn, was not prejudicial. The only finding required of the court was as to the negligence of the defendant. The burden of proving negligence was on the plaintiff. The court has found the burden of proof has not been sustained. It was not required to make a finding of fact of a subsidiary nature to explain its general finding and any such subsidiary finding would be immaterial. Williams v. Pittsfield Lime & Stone Co., 258 Mass. 65, 71.
Report dismissed.