### ISAAC POTTS *v.* ARMOUR & CO.

[No. 1, October Term, 1944.]

484

*Decided October 26, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Leo M. Alpert,* with whom was *Makover & Kartman* on the brief, for the appellant.

*S. Ralph Warnken,* with whom was *Cook & Markell* on the brief, for the appellee.

DELAPLAINE, J., delivered the opinion of the Court.

Isaac Potts, a retail grocer, forty-six years old, brought this suit against Armour & Company to recover for personal injuries sustained when he was struck by an iron meat hook while on the loading platform of defendant's building at the Union Stock Yard in Baltimore.

The accident occurred on the morning of January 19, 1943, when plaintiff, after ordering meat in defendant's

office, was walking toward the cooler, where he intended to select the meat. He had a space about three and a half feet wide in which to walk between the wall and the meat hooks hanging from trolley-blocks on an overhead trolley-rail. It has been the custom at the plant, after meat is rolled from the cooler and taken from the trolley-blocks, to let the hooks hang on the trolley-blocks until they are pushed back into the cooler. Although the plaintiff saw the hooks, some of which were five feet long, a prong of one of the hooks struck his head above the left eye. He is appealing from the judgment entered upon the verdict of the jury in favor of defendant.

Plaintiff contends that, even though he did not prove any specific act of negligence, he established a *prima facie* case of negligence under the rule of *res ipsa loquitur*, and that the court erred in refusing to instruct the jury that the burden was shifted to defendant to prove it was not guilty of negligence. It is an elementary rule that the plaintiff in an action for damages for injuries alleged to have been caused by negligence has the burden of proving affirmatively the alleged negligence by a preponderance of the evidence. *Moore v. American Stores Co.*, 169 Md. 541, 549, 182 A. 436. *Res ipsa loquitur* was defined by Justice Holmes as "a short way of saying that, so far as the court can see, the jury, from their experience as men of the world, may be warranted in thinking that an accident of this particular kind commonly does not happen except in consequence of negligence, and that therefore there is a presumption of fact, in the absence of explanation or other evidence which the jury believe, that it happened in consequence of negligence in this case." *Graham v. Badger*, 164 Mass. 42, 41 N. E. 61. The presumption raised by the rule of *res ipsa loquitur* is one of evidence and not of substance, and application of the rule does not shift the burden of proof, but simply shifts the burden of going forward with the evidence. When the rule is applied, the burden of proof remains upon the plaintiff during the trial.

When all the evidence is in, the question for the jury to decide is whether the plaintiff has met the obligation to prove negligence by a preponderance of the evidence. *Potomac Edison Co. v. Johnson,* 160 Md. 33, 39, 152 A. 633; *Wilson v. Colonial Air Transport,* 278 Mass. 420, 180 N. E. 212, 83 A. L. R. 329, 332; *Stewart v. Crystal Coca-Cola Bottling Co.,* 50 Ariz. 60, 68 P. 2d 952; *Ireland v. Marsden,* 108 Cal, App. 632, 291 P. 912. *Res ipsa loquitur* means that the facts of the occurrence warrant the inference of negligence, not that they compel such an inference; that they furnish circumstantial evidence of negligence where direct evidence of it may be lacking, but it is evidence to be weighed, not necessarily to be accepted as sufficient; that they call for explanation or rebuttal, not necessarily that they require it; that they make a case to be decided by the jury, not that they forestall the verdict. *Sweeney v. Erving,* 228 U. S. 233, 33 S. Ct. 416, 418, 57 L. Ed. 815.

The law is established that the proprietor of a store or other business establishment is not an insurer of the safety of his customers, but has the duty to exercise ordinary care to maintain the premises in a reasonably safe condition to prevent injuries to his customers. *S. S. Kresge Co. v. Fader,* 116 Ohio St. 718, 158 N. E. 174, 58 A. L. R. 132; *J. C. Penny Co. v. Robison,* 128 Ohio St. 626, 193 N E. 401, 100 A. L. R. 705. It is also well settled that the owner of a building may be held liable for injuries resulting from the fall of an object from the building, unless he can show that he was not at fault. *Pindell v. Rubenstein,* 139 Md. 567, 115 A. 859. Likewise, a customer may invoke the doctrine of *res ipsa loquitur* in an action for injury caused by a falling object in a store, if the fall is, according to common experience, so unusual in occurrence when due care is exercised as to carry inherent probability of negligence on the part of the defendant. *Higgins v. Goerke-Krich Co.,* 91 N. J. L. 464, 103 A. 37; *Klitzke v. Webb,* 120 Wis. 254, 97 N. W. 901. For instance, a customer, injured in a store by a fall of a carrier basket from the track

of a carrier system, may establish a *prima facie* case of negligence against the storekeeper by invoking the doctrine of *res ipsa loquitur*. *Anderson v. McCarthy Dry Goods Co.*, 49 Wash. 398, 95 P. 325. The justice of the rule permitting proof of negligence by circumstantial evidence is found in the circumstance that the principal evidence of the true cause of the accident is accessible to the defendant, but inaccessible to the victim of the accident. The rule is not applied by the courts except where the facts and the demands of justice make its application essential, depending upon the facts and circumstances in each particular case. *McClellan v. Schwartz*, 97 Wash. 417, 166 P. 783. The rule does not apply where it can be inferred from ordinary experience that the accident might have happened without the fault of the defendant. The accident must have happened irrespective of any voluntary action at the time by the party injured. *Frenkil v. Johnson*, 175 Md. 592, 3 A. 2d 479; *Greeley v. Baltimore Transit Co.*, 180 Md. 10, 22 A. 2d. 460; 9 *Wigmore on Evidence*, 3rd Ed., Sec. 2509. Otherwise, a person claiming to have been injured as the result of negligence could invoke the rule and use the fact of the happening of the accident as evidence of negligence, even though the jury considers his story incredible. We specifically hold that where an injury has been caused by an apparatus in the control of the defendant and of such a character that ordinarily the injury would not have been inflicted if the defendant had exercised reasonable care in its construction, inspection and use, a presumption arises, in the absence of an explanation which the jury accepts, that the injury would not have been inflicted if the defendant had exercised reasonable care. *J. C. Penny Co. v. Evans*, 172 Miss. 900. 160 So. 779; *Wilson v. Colonial Air Transport*, 278 Mass. 420, 180 N. E. 212, 83 A. L. R. 329. If the trial court finds that conflicting inferences may be drawn, choice of inference must be made by the jury. *George Foltis, Inc. v. City of New York*, 287 N. Y. 108, 38 N. E. 2d 455.

In the case at bar the court was faced with the issue whether the meat-hook dropped from the trolley-block or was accidentally hit by plaintiff and knocked off the trolley-block. Plaintiff objects to the court's instruction that if the jury believes the meat-hook fell without negligence on the part of plaintiff, the fall was *prima facie* evidence of defendant's negligence, and the verdict must be for plaintiff unless they find by a preponderance of affirmative evidence that plaintiff was guilty of want of ordinary care which contributed to his injury; but if the jury believes that plaintiff was the sole or contributing cause of the accident, then the verdict must be for defendant. We find no reversible error in this instruction. It is elementary that the burden of establishing the plaintiff's contributory negligence rests upon the defendant. *Potomac Edison Co. v. State, to Use of Hoffman,* 168 Md. 156, 177 A. 163; 1 *Poe, Pleading and Practice,* Sec. 460; *Ashman, Directed Verdicts and Instructions,* Sec. 33. If the plaintiff makes out a *prima facie* case, the defendant, if he relies upon the plaintiff's contributory negligence, must prove it. However, as the American Law Institute has stated, this does not necessarily mean that the defendant must produce evidence to this effect. The plaintiff's own evidence may so clearly show him guilty of contributory negligence as to require the court to direct a verdict for the defendant, or may be such that the jury would be warranted in finding for him. It frequently happens that, in proving the circumstances which show the defendant's *prima facie* liability, the plaintiff is compelled to go so fully into the matter as to require the court or permit the jury to find him guilty of contributory negligence. If the evidence is such as to make the plaintiff's negligence a question for the jury, the court will instruct the jury that they must render a verdict for the plaintiff unless they find from a preponderance of all the evidence, whether produced by the defendant or the plaintiff or both, that the plaintiff was guilty of negligence which contributed to his injury. 2 *Restatement, Torts,* Sec. 477.

Plaintiff further objects to a subsequent instruction that if the minds of the jury are in a state of even balance as to whether the meat-hook fell or was caused to fall, plaintiff has not discharged the burden of proof, and the verdict must be for defendant. In *Wintrobe v. Hart,* 178 Md. 289, 13 A. 2d 365, the Court of Appeals held improper an instruction that if the minds of the jury are left in a state of even balance as to whether the injury was caused solely by negligence of the defendant, the verdict must be for the defendant; for it appeared that the instruction placed upon the plaintiff the burden of proving absence of contributory negligence. But in the present case it is evident that the subsequent instruction referred to primary negligence, not to contributory negligence. The court had already instructed the jury that contributory negligence must be established by "a preponderance of affirmative evidence." We think that instruction was sufficient to inform the jury that the burden of establishing plaintiff's contributory negligence rested upon defendant. The subsequent instruction dealt simply with the question whether the meat-hook fell or was caused to fall, a question which had to be decided before the applicability of *res ipsa loquitur* could be determined. Contributory negligence is the neglect of duty imposed upon all men to observe ordinary care for their own safety. It is the doing of something that a person of ordinary prudence would not do, or the failure to do something that a person of ordinary prudence would do, under the circumstances. *Bulman Furniture Co. v. Schmuck,* 175 Ark. 442, 299 S. W. 765, 55 A. L. R. 1039; *Warner v. Oriel Glass Co.,* 319 Mo. 1196, 8 S. W. 2d 846, 60 A. L. R. 448. We do not believe the jury could have been misled by the subsequent instruction considered in connection with the instruction which referred explicitly to contributory negligence. In passing upon the validity of one of the instructions made by the trial court to the jury, the Court of Appeals considers it in connection with other instructions in the case. *Hochschild, Kohn & Co. v. Cecil,* 131 Md. 70, 101 A. 700. Under our Rules of

Practice and Procedure, the trial court, in its instructions to the jury, may instruct them upon the law of the case either by granting requested instructions or by giving instructions of its own on particular issues or on the case as a whole, or by several or all of these methods. The instructions may be given either orally or in writing or both, and an oral charge need not comply with the technical rules as to prayers. *Law Rules, Trial Rule 6.*

Plaintiff then argues that even though he may have failed to prove negligence, Armour & Company became liable on account of the fact that, after the accident, Lawrence C. Mallon, plant superintendent, drove plaintiff to a hospital and obtained a surgeon. It has been frequently held that a voluntary offer of assistance to a victim of an accident, made upon an impulse of sympathy or benevolence, should not be construed into an admission of culpable causation. Public policy requires that an injured person should be given immediate medical attention, without making it necessary for the person who renders aid to decide immediately whether liability should be admitted or denied. In an emergency there is no time to conduct a thorough investigation and make an analysis of the legal effect of acts of mercy. *Barber v. Southern Ry. Co.,* 193 N. C. 691, 138 S. E. 17; *Arnold v. Owens,* 78 F. 2d 495; *Winningham v. Travelers Insurance Co.,* 93 F. 2d 520; 31 *C. J. S., Evidence,* Sec. 291. The law would be unjust if, in the language of Justice Cardozo, "it throttled the impulses of benevolence by distorting humane conduct into a confession of wrongdoing." *Grogan v. Dooley,* 211 N. Y. 30, 105 N. E. 135, 136. In this case the superintendent did not stop to investigate the cause of the accident. The fact that he made a spontaneous offer of assistance and took the injured man to the hospital and employed a surgeon is not an implied admission that he assumed liability.

Plaintiff finally insists that Armour & Company became liable because Mallon told him at the hospital that he need not worry as "everything would be taken care of." Of course, a definite promise made by a person

involved in an accident to pay for damages resulting from the accident may constitute an implied admission of fault. *Billotti v. Saval*, 165 Md. 563, 168 A. 890. Mallon testified that all claims for damages against Armour & Company must be referred to the claim department in the main office in Chicago; that accidents are investigated by a claim agent and reports of investigations are forwarded to the main office; and that the local superintendent has no "specific authority" to bind the company in the settlement of claims. Even if he had implied authority, there is no evidence to show assumption of liability by the company. Defendant's witnesses testified that plaintiff, both on the way to the hospital and after his arrival, expressed anxiety about his automobile and meat, and they assured him that they "would take care of handling the order, also handling Mrs. Potts, * * * and try to keep her from being frightened." Plaintiff relied heavily on *Brown v. Wood*, 201 N. C. 309, 160 S. E. 281, where the acts and declarations of the defendant in a suit for damages were submitted to the jury; but in that case the defendant had actually paid a number of debts incurred as a result of the accident, and also promised to pay other debts similarly incurred. In our opinion the court below was correct in ruling that the acts and declarations of defendant's employees were not legally sufficient to be considered as assumption of liability.

Finding no reversible error in the court's instructions, we affirm the judgment entered upon the verdict of the jury in favor of defendant.

*Judgment affirmed, with costs.*