LILLIAN  CARTER  GINSBERG  *vs.*  METROPOLITAN  TRANSIT
AUTHORITY.

Suffolk.   January 4, 1956. — February 2, 1956.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Negligence,* Street railway: window of car, subway train; Res ipsa
   loquitur.

The doctrine of res ipsa loquitur was not applicable and a finding of
   negligence on the part of a street railway toward a passenger injured
   by pieces of glass when a window of the car in which she was riding
   was broken as the car was passing through a tunnel was not warranted
   where there was no evidence as to how the glass was broken apart
   from evidence that after the accident a large piece of an apple, hard
   and green, was found near where people were sitting and particles of
   fruit such as an apple were found on the broken glass and inside the
   car.

TORT. Writ in the Superior Court dated October 8, 1951.

The action was tried before *Morton, J.*

*Israel Bernstein,* for the plaintiff.

*William E. Ryan,* for the defendant, submitted a brief.

COUNIHAN, J. This is an action of tort to recover damages for personal injuries sustained by the plaintiff as a result of the negligence of the defendant or its employees. The action comes here upon an exception of the plaintiff to the allowance of a motion for a directed verdict for the defendant. There was no error.

The evidence in its aspects most favorable to the plaintiff was as follows: The plaintiff on or about September 18, 1951, shortly before 3:30 P.M. boarded a train of the defendant at Scollay station, Boston. This train was bound for Maverick station, East Boston, through the East Boston tunnel. She sat on the right hand side of the second car in the train facing a window which was about a yard high and a yard wide. The thickness of the glass in the window was about one eighth of an inch. As the train approached Maverick station, she felt a sharp pain in her leg. She looked down and saw that her leg was bleeding. She looked up and saw glass "flying around all over the train." The glass came from this window which was "broken, split in pieces." She smelled "rubber, like smoke, and saw in the train a little smoke, not too much, but a little smoke." "The two pieces of glass now split, were together and the pieces of glass came from the window broken." She did not "hear any noise when the glass was broken." "There was nothing in the car which would indicate it was used to break the window."

There was evidence from the defendant that the window which was broken had a fixed and stationary sash and could not be opened. No short circuit hitting the metal around the window could shatter the glass and there were no cracks in the rest of the window. There was further evidence from the defendant that after the accident a large piece of an apple, hard and green, was found near where people were

sitting. There were particles of fruit such as an apple on the broken glass and inside the car, after the accident. Apart from this there was no evidence as to how the glass was broken.

It is indisputable that a carrier is not an insurer of its passengers' safety and that in order to recover an injured passenger must show negligence of the carrier. *Deagle* v. *New York, New Haven & Hartford Railroad*, 217 Mass. 23, 24. *Holton* v. *Boston Elevated Railway*, 303 Mass. 242, 245.

The plaintiff relies upon the doctrine of res ipsa loquitur. We are of opinion that this doctrine is not applicable in the case at bar. "That applies only when the circumstances are such as to afford a reasonable inference that according to ordinary experience the accident would not have happened except for negligence of the defendant." *Walker* v. *Benz Kid Co.* 279 Mass. 533, 538. *Wadsworth* v. *Boston Elevated Railway*, 182 Mass. 572, 574.

This doctrine "merely permits the tribunal of fact, if it sees fit, in the absence of a finding of the specific cause of the occurrence . . . to infer from the occurrence itself that it would not have happened unless in some respect the defendant had been negligent . . . the tribunal of fact must be able to find, either by expert evidence . . . or by its own common knowledge . . . that the mere occurrence of the accident shows negligence as a cause." *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235. We have here no expert opinion as to the cause of the broken window and the common or ordinary knowledge possessed by the jury would not warrant them finding that it was more probable that the breaking of glass in the window occurred because of negligence of the defendant rather than from some cause for which it was not responsible. See *Wilson* v. *Colonial Air Transport, Inc.* 278 Mass. 420, 425; *Liberatore* v. *Framingham*, 315 Mass. 538, 542–543. "A verdict in favor of the plaintiff necessarily would be based on speculation and conjecture." *Felch* v. *D'Amico*, 326 Mass. 196, 198.

*Exceptions overruled.*