THOMAS PAGE & another *vs.* THOMAS LONG COMPANY. March 31, 1961. Exceptions overruled. The sixteen year old plaintiff, an employee of a sublessee of part of a building in Boston, was injured while operating a freight elevator, for the care and maintenance of which the defendant, the lessee of the building, also an occupant of part of the building, was re-

sponsible. The plaintiff excepted to the allowance of a motion for directed verdicts without requiring the defendant to rest and to certain rulings on questions of evidence. That a judge has discretionary power to order a verdict for a defendant without requiring a defendant to rest has long ago been decided. *Wetherbee* v. *Potter,* 99 Mass. 354, 359–360. The fatal deficiency in the plaintiff's case is that there was no evidence of any defect in the elevator or in its manner of operation attributable to the defendant which could account for the plaintiff's injury. The cause of his injury was left to speculation. The exclusive control which is a prerequisite to the application of the doctrine of res ipsa loquitor was not shown. *Wilson* v. *Colonial Air Transp. Inc.* 278 Mass. 420, 425. It is needless to discuss the thirty-seven exceptions to rulings excluding testimony. Even if the questions had been admitted, it is clear that the answers would not have supplied the missing element which was indispensable to get the case to the jury.

*Paul R. Sugarman,* (*Nathan Fink* with him,) for the plaintiffs.
*Walter F. Henneberry,* for the defendant.