JOSEPH AMARA & SONS, INC. *vs.* PROVIDENCE STEAMBOAT COMPANY. October 1, 1971. The plaintiff seeks recovery in tort and contract for damage caused to its barge while the defendant was towing it for hire from Providence to Boston. The case is here on the plaintiff's appeal from an order of the Appellate Division dismissing a report from the Municipal Court of the City of Boston after a finding for the defendant. The plaintiff's first count is in tort for negligence. In count 2 the plaintiff alleges that it "incorporates all the allegations contained in Count I and further says that the defendant was not only negligent, but failed to live up to its implied obligation to tow properly and safely, and violated its implied warranty of rendering workmanlike services during the tow," with resulting damage to the barge. This seemingly hybrid count is treated by the plaintiff as alleging a claim in contract and we shall treat it as such for the purpose of this decision. Whether the defendant was negligent and whether it performed in an unworkmanlike manner are issues of fact upon which the plaintiff had the burden of proof. They were issues to be decided by the trial judge as the sole trier of facts, and as the sole judge of the weight and credibility of the evidence which consisted in large part of oral testimony. He expressly found that the defendant was not negligent, thus disposing of count 1 on a factual basis. He granted a number of the plaintiff's requests for rulings that by agreeing to tow the barge the defendant made an "implied warranty to render workmanlike service," but as to each such request granted the judge added that it

was "[i]napplicable to the facts found." The combined effect of these rulings and statements and the general finding for the defendant is that the judge found no breach of implied warranty, thus disposing of count 2 on a factual basis. Since the judge found neither negligence nor unworkmanlike performance by the defendant, the plaintiff was not prejudiced by denial of its request for a ruling that "[t]he plaintiff can recover on the breach of the implied warranty to render workmanlike service, despite a possible negligent failure on its part to detect a flaw or leak in the barge." There is nothing in the record to indicate that the judge denied recovery because of the contributory negligence of the plaintiff. The plaintiff argues that this is a case for the application of the doctrine of "res ipsa loquitur." If it is, the doctrine would at best permit the judge as the trier of the facts to draw an inference that the defendant was negligent or that it performed in an unworkmanlike manner, but it would not require him to do so. *Roscigno* v. *Colonial Beacon Oil Co.* 294 Mass. 234, 235. *Evangelio* v. *Metropolitan Bottling Co. Inc.* 339 Mass. 177, 179–180. The judge did not draw such inferences and we do not substitute our judgment for his. The evidence described in the record is not sufficient to permit a finding or inference that the plaintiff's barge was stranded. Therefore the provision, if any, of maritime law that an unexplained stranding of a vessel under tow requires a conclusion that it was due to negligence or unworkmanlike performance by the owners or operators of the towing vessel does not apply.

*Order dismissing report affirmed.*

*William T. Conlan* for the plaintiff.
*Andre R. Sigourney* for the defendant.