*Municipal Court of the*
*City of Boston*
No. 337301

**JAMES PICKETTE**, et al.

v.

**BOSTON GAS COMPANY**

Argued: Apr. 12, 1974 - Decided: June 19, 1974

*Present:* Lewiton, C.J., Glynn, Doerfer, JJ.
Case tried to *DeGuglielmo, J.*

**Doerfer, J.** This is an action to recover for personal injuries and property damage resulting from an explosion at the residence of the plaintiffs caused by the alleged negligent maintenance, operation and repair by the defendant of its equipment.

**The evidence reported is as follows:** The plaintiff James Pickette had smelled gas for a considerable period of time before the explosion and that he had complained four times to the defendant who did nothing. The report is silent on what is meant by a "considerable period of time" and we are left to guess

whether it was hours, days, months or years. We are further left to speculate whether the gas was smelled continuously over this "considerable period" or intermittently. Neither does the report state when these four complaints were made, in relationship to any of the other material events of this case.

At 2:00 A.M. October 25, 1972, while plaintiffs were in bed, or preparing for bed, there was an explosion in the cellar. The report does not state whether gas had been smelled at this time or within what period of time prior to the explosion.

As a result of the explosion one or more of the plaintiffs was thrown from his bed, plaster fell on some of the plaintiffs, fire spread throughout the house and they were forced to move to new quarters.

The defendant was called to the scene by the fire department and removed the meter.

There was evidence that the meter had been tampered with by unknown persons.

The plaintiffs appeal from the denial of their request for a ruling "on the evidence in this case the doctrine of 'res ipsa loquitur' applies." The court found no evidence of negligence of the defendant.

There was no evidence reported upon which it could be found that the defendant had *sole* control of the circumstances which were essential to the occurrence of the accident, and thus the doctrine of *res ipsa loquitur* would not apply. *Reardon* v. *Boston Elevated Ry.,*

247 Mass. 124, 126-127 (1923); *Wilson* v. *Colonial Air Transport, Inc.*, 278 Mass. 420, 425 (1932). *Cf. Couris* v. *Casco Amusement Corp.*, 333 Mass. 740. Indeed, the contrary appears because there was evidence of tampering with the meter by unknown persons. Even in the case of gas pipes buried underground beneath a street the Supreme Judicial Court has held that the gas company did not have sole and exclusive control since the street could be dug up or heavy trucks could pass over it. *Laconte* v. *Boston Consolidated Gas Co.*, 330 Mass. 161.

Other questions relating to evidence of negligence in this case are not before us. It does not appear that any request was made for a ruling that there was sufficient evidence to find that the defendant was negligent. The facts reported, in any event, are too ambiguous to support a finding of negligence, even if that question were before us. **Report dismissed.**

Counsel for the defendant contended that the use of the latin phrase "res ipsa loquitur" is confusing. *Evangelio* v. *Metropolitan Bottling Company, Inc.*, 339 Mass. 177, 179-180 (1959); *Genianas* v. *New England Power Co.*, 1971 Mass. Adv. Sh. 429, 432-33 (1971). The doctrine of "res ipsa loquitur" merely permits, but does not compel the trier of fact to draw from the occurence of an unusual event the conclusion that it would not have happened unless the defendant has been negligent. *Roscigno* v. *Colonial Beacon Oil Co.*, 294 Mass. 234 (1936); *Evangelio* v. *Metropolitan Bot-*

*tling Company, Inc.,* 339 Mass. 177, 180 (1959). Where a trial justice sits without a jury, any error he may make in refusing to rule as requested is immaterial when he makes written detailed findings of fact which support his general finding. *Strong* v. *Haverhill Electric Co.,* 299 Mass. 455, 456 (1939); *Ajax Shoe & Leather Co.* v. *Selig,* 305 Mass. 390, 391 (1940); *Russell* v. *First National Stores,* 335 Mass. 870 (1957).