After a trial in Superior Court, a jury found that the defendant was not negligent in connection with a motor vehicle accident in which the defendant's vehicle detached from atop a flatbed trailer and struck the plaintiff's vehicle. On appeal, the plaintiff argues that the judge should have: (1) allowed the plaintiff's motion for a mistrial based on defense counsel's opening statement; (2) given a res ipsa loquitur instruction; and (3) allowed the plaintiff's motion for a new trial. We affirm.
Background. On July 10, 2011, the plaintiff was driving on the Massachusetts Turnpike when a 1966 vehicle slid off the flatbed trailer on which it was being transported and hit the plaintiff's vehicle. The defendant, who was accompanied on the trip by Daniel and Kenneth Murray, had bought the 1966 vehicle, a vintage "muscle" car, earlier that day. The vehicle was rusted and substantially worn. The defendant and the Murrays loaded the car onto the defendant's trailer and secured it at four points, using chains and "come alongs." The trailer was attached to a pick-up truck owned and operated by Daniel Murray.
Discussion. 1. Defense counsel's opening statement. The plaintiff first argues that the judge abused his discretion by denying his motion for a mistrial. He contends he was incurably prejudiced when defense counsel stated in his opening that (a) the plaintiff waited nineteen months after the accident to file suit, and (b) the plaintiff only produced his medical records after being ordered to do so.
The judge did not abuse his discretion in denying the plaintiff's motion for a mistrial. See Evans v. Lorillard Tobacco Co., 465 Mass. 411, 459 (2013) ("We review a judge's decision not to declare a mistrial for abuse of discretion"). To begin, plaintiff's counsel did not object during defense counsel's opening statement. Instead, following defense counsel's objectionable statements, the judge interrupted him and stated sua sponte in front of the jury: "Let's move on to another topic. I don't think that's relevant, Mr. Lynch.... We're not going to critique the discovery process in this case.... Let's approach it in a different way." During a bench conference after the conclusion of defense counsel's opening statement, plaintiff's counsel moved for a mistrial, which the judge denied. Instead, he instructed the jury that (i) opening statements are not evidence, (ii) the discovery process was unimportant and not an issue for the jury's consideration in the case, and (iii) the case was exclusively about what happened on the day of the accident. Under these circumstances, it was not an abuse of discretion to deny the motion.
2. Res ipsa loquitur instruction. The plaintiff next argues that the judge erred in denying his request for a res ipsa loquitur instruction. Such an instruction is appropriate "when an accident is of the kind that does not ordinarily happen unless the defendant was negligent in some respect and other responsible causes including conduct of the plaintiff are sufficiently eliminated by the evidence." Enrich v. Windmere Corp., 416 Mass. 83, 88 (1993), citing Restatement (Second) of Torts § 328D(1)(a) (1965). Here, the plaintiff offered no evidence on the standard of care for securing and transporting a rusty vehicle on a flatbed trailer. See Roscigno v. Colonial Beacon Oil Co., 294 Mass. 234, 235-236 (1936) (noting absence of expert evidence in holding res ipsa loquitur rule inapplicable). In addition, two other individuals-Daniel and Kenneth Murray-were involved in loading the vehicle onto the trailer and securing it, and neither was an agent or employee of the defendant. Moreover, the truck to which the trailer was attached was owned and operated by Daniel Murray. Accordingly, there was no error. See Dos Santos v. Coleta, 465 Mass. 148, 153-154 (2013) ("We review objections to jury instructions to determine if there was any error, and, if so, whether the error affected the substantial rights of the objecting party" [quotation omitted] ).
3. Motion for a new trial. Finally, the plaintiff argues that the judge should have allowed his motion for a new trial because the verdict was against the weight of the evidence. The argument fails. The trial judge may set aside the jury verdict and order a new trial only when "the verdict is against the clear weight of the evidence." J. Edmund & Co. v. Rosen, 412 Mass. 572, 576 (1992). On appeal, we give "considerable deference to a judge's disposition of a motion for a new trial, especially where he was the trial judge, and we will reverse the ruling only for an abuse of discretion." Gath v. M/A-Com, Inc., 440 Mass. 482, 492 (2003). We agree with the trial judge's well-reasoned opinion that, while the plaintiff introduced ample evidence of the defendant's negligence, "a necessary and inescapable inference of negligence was not established by the evidence" because of "the absence of any testimony about the standard of care for transporting motor vehicles on a [flatbed] trailer." To the contrary, the evidence sufficiently supported the verdict, and the judge did not abuse his discretion in denying the plaintiff's motion for a new trial.[3]
Judgment affirmed.
Order denying motion for a new trial affirmed.

The plaintiff also argues that a new trial was warranted due to errors in defense counsel's opening statement and closing argument. As to the opening statement, for the reasons that the judge did not abuse his discretion in denying a motion for a mistrial, the denial of the motion for new trial was also not an abuse of discretion. As to the closing argument, the plaintiff's counsel did not object at the trial and the issue was waived. See Carey v. New England Organ Bank, 446 Mass. 270, 285 (2006).